## DAVIDSON *vs.* WILEY, BANKS & CO.

[MOTION AGAINST CIRCUIT CLERK FOR FAILURE TO ISSUE EXECUTION.]

1. *Suspension of execution by order of court.*—A general order of the circuit court,
   granting to the clerk twenty days, in addition to the time allowed by the
   statute, for issuing executions, excuses the clerk for failing to issue execu-
   tion within the time prescribed by the statute.—Code, § 2423. (STONE, J.,
   *dissenting*, held the order void.)

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. WM. S. MUDD.

THIS was a motion for a summary judgment, under sec-
tion 2619 of the Code, against the appellant and his sureties
on his official bond as clerk of the circuit court of Jackson
county, for his failure to issue an execution, within the
time prescribed by law, on a judgment which the plaintiffs

had obtained, at the March term, 1855, of said court, against J. M. & W. J. Greene.   The term of the court at which said judgment was rendered, commenced on the 19th March, and closed on the 29th day of the same month, which was Thursday of the second week.   No execution was issued on plaintiffs' judgment until the 18th April, though executions on several other judgments against the same defendants were issued on the 2d April. The defendants in execution were in failing circumstances, and all their property was appropriated to the satisfaction of the executions first issued, which were levied immediately.   In excuse of the failure to issue execution on plaintiffs' judgment at an earlier day, the defendants in the motion relied on an order made by the circuit judge on the last day of said March term, and entered on the minutes, in these words: "Ordered by the court, that twenty days, in addition to the time allowed by the statute, be allowed the clerk of this court, for the issuance of execution."   Upon this evidence, the court charged the jury, "that if they believed all the evidence, they must find a verdict for the plaintiffs;" to which charge the defendants excepted, and which is now assigned as error.

WALKER, CABANISS & BRICKELL, and N. ROBINSON, for the appellant.—The order of the court, although it may have been erroneous or unauthorized, was a sufficient protection to the clerk, who is a mere ministerial officer, and who cannot be considered in default when his conduct conforms to the orders of the court.   For analogous cases, see Carson v. Walker, 16 Mo. (1 Bennett,) 68 ; Bacon v. Cropsey, 3 Selden, 195 ; 10 Ala. 101 ; 23 Ala. 143.   But the order was neither unauthorized nor erroneous.   The issuing of execution is a mere ministerial act.   Is the time of issuing it anything more than a matter of practice, and, as such, under the controlling power of the court by virtue of its inherent jurisdiction, independent of statutory provision ?   As to the power of courts in controlling matters of practice, see Bartholomew v. Carter, 3 Man. & Gr. 123, (42 E. C. L. 73;) Saunders v. Coffin, 16 Ala. 422. However this may be, the statute clearly contemplates

the exercise of such a power by the courts, and confers the power if it did not before exist; otherwise, no force or effect can be attributed to the qualifying expression, (Code, § 2423,) "unless otherwise directed by law." If the court possesses no such dispensing power in certain emergencies, the clerk would not be excused for a failure to perform his duty, by the sudden invasion and occupation of the country by a foreign foe, or by an unlooked-for pestilence. If the power exists in any case, it must be presumed to have been properly exercised; at least, in the absence of evidence to the contrary.

ROBINSON & JONES, *contra.*—Neither the statute, nor the order of court, nor both together, can avail the appellants in this case. "Unless otherwise directed," as the expression is used in the statute, means a direction by the plaintiff or his attorney, who alone have the right to control his judgment and execution. The execution follows the judgment, and is a statutory right. If the court has the power to dispense with an express statutory requisition at all, the power must be unlimited; if an extension of time for twenty days can be granted, why may not an extension for an indefinite period? The order here relied on was general; applying to no particular case, and assigning no reason for its being made. It conferred no rights on the plaintiffs, and could neither take away any of their rights, nor impose any obligations on them. It was made on the last day of the term, without notice to them, and after they had left the court. They could take no step to rectify or annul it, as it was no part of their case, and would not have been embraced in a record of their case. That the order was void, as to plaintiffs, for want of jurisdiction, see Lamar v. Commissioners' Court, 21 Ala. 776; Foster v. Glazener, 27 Ala. 391; Owen v. Jordan, 27 Ala. 611.

STONE, J.—There is but a single question presented by this record: Did the order of the presiding judge, made and entered on the minutes at the March term, 1855, relieve the clerk from the duty of issuing execution in

this case, as required by sections 2423 and 2424 of the Code?

The language of the Code (§ 2423) is, "The clerk must issue executions on all judgments, in favor of the successful party, as soon after the adjournment of the court as practicable, within the time prescribed by this Code, *unless otherwise directed.*" The time prescribed for cases "where the court continues more than one, and less than two weeks," (§ 2424,) is "within ten days thereafter."

What are we to understand by the expression, found in section 2423, "unless otherwise directed?" The appellant contends, that the order of the circuit judge comes within its provisions. I can not assent to this construction. The right of a plaintiff, to have execution of his judgment, is a right given by law; and the court has no power over this question, beyond the express language of the law. The statutes nowhere, in terms, give the court power to stay executions; and if the legislature intended to confer that power on them, the words "unless otherwise directed," are very inapt to express that intention. The words, *unless the court shall grant further time to the clerk*, or words of similar import, would have left no ground for controversy or cavil; and I think the legislature would not have clothed a power as important as this is, in the ambiguous language that is here relied on.

Another argument against the construction contended for: If the circuit judge could, without any reason expressed in the order, suspend execution for twenty days, why could he not suspend the final process for as many months? Who can prescribe a limit to the power? And can these important results be accomplished by a general order, which mentions no case, and pertains to no specified judgment in the court? Suppose the presiding judge should improperly exercise this assumed power; how can his decision be reviewed? or how can a party injured by it obtain redress? If he bring his case by appeal to this court, this general order is no part of the record in his case, and he can assign no errors upon it.

I think the expression, "unless otherwise directed," has reference to judgments which, on their face, direct a

stay of execution; and the same principle would doubtless include cases where the party or his attorney directed the clerk not to issue execution. There may be other cases to which this principle would apply, but I do not think the appellant brings himself within the rule.

The principles asserted above are, in my judgment, conclusive to show that the circuit court had no authority to make the said order, and the same is absolutely void. Foster v. Glazener, 27 Ala. 391; Cobb v. Cooper, 15 Johns. 152; Harney v. Huggins, 3 Bail. 252.

My brothers, however, hold differently, and think the circuit judge had power to make the order. Under their opinion, the judgment of the circuit court is reversed, and the cause remanded.

RICE, C. J.—The legislature certainly had the constitutional power to authorize the circuit court to allow its clerk a longer time for issuing executions than the time prescribed in section 2424 of the Code; and we think such authority was conferred on that court by section 2423 of the Code. We are forced to that conclusion, by the well settled rule which requires effect to be given to every significant clause, sentence, or word in a statute. Smith's Com. on Statutes, 710.

The view taken of section 2423 of the Code by our brother Stone, seems to us to deny any effect whatever to the words "unless otherwise directed," employed in that section. For it is very clear that, if those words are expunged, that section will mean precisely what he thinks it means without expunging them. The right of the plaintiff, by his own directions, to relieve the officer from a compliance with the requisitions of the law as to the issue or service of his own process, is equally unquestionable, whether those words be treated as expunged or not expunged. That right had been so fully recognized, and so firmly established, long before the Code, *under statutes absolute in their terms, and free from any such words as "unless otherwise directed,"* that we cannot think those words were inserted in section 2423 of the Code with any reference to that right. The words were unnecessary for that

purpose; and if they mean merely that the plaintiff might, by his direction, relieve the clerk from issuing execution within the prescribed time, they mean nothing; as the plaintiff would have had that right without those words, under the other words of the section.—See Gary v. Boykin, 7 Ala. R. 154; Oswitchee Co. v. Hope, 5 *ib.* 629; Patton v. Hamner, 28 *ib.* 618, and cases therein cited.

The only way in which we can give effect to the words " unless otherwise directed," as used in section 2423 of the Code, is to treat them as meaning unless otherwise directed *by the court rendering the judgment.* We are forced to treat them as meaning that, or to deny to them any sense, meaning or effect. And we do not feel authorized to deny them any sense, meaning, or effect. Cases might possibly occur, in which it would be impossible for the clerk to issue executions on all judgments rendered at a term, within the number of days mentioned in the Code; as where, within three days after the end of the term, a public enemy should invade the county, and take the clerk and all its citizens and keep them for a month as prisoners. The legislature may have deemed it wise, in view of even extraordinary cases like that, to entrust to the court the power to allow the clerk a longer time for issuing executions than the time mentioned in the Code. Suppose that, near the end of the term of the court at which the judgments were rendered, under which it is here alleged the clerk failed to issue executions in due time, it had been proved to the court that there was imminent danger of an invasion of the county by a public enemy of overwhelming force; and that thereupon the clerk had asked for a longer time than that mentioned in the Code for issuing the executions; and that the court had granted the longer time,—would we be authorized to treat the grant as void? We think not. We think the legislature, in the exercise of its constitutional authority, has conferred the power upon the court to make such order. Section 2423 of the Code, as we construe it, is a regulation of the remedy. And from the very nature of the subject, a limitation is implied as to the power conferred. It exercise might be so unreasonable as to call for

30

the exercise of the superintending or revisory authority of this court.—See Chadwick v. Moore, 8 Watts & Serg. 49; Baugher v. Nelson, 9 Gill, 299.