180 So. 124

## NORRIS v. NEELY.

### 6 Div. 204.

Court of Appeals of Alabama.

March 29, 1938.

G. J. Prosch, of Birmingham, for appellant.

Clark & Trawick, of Birmingham, for appellee.

RICE, Judge.

Viewing our judicial decisions as a composite whole, it seems redundant to here repeat the rule laid down for reviewing decisions of the nisi prius courts overruling motions for a new trial based on the ground of the insufficiency of the evidence to support the verdict of the jury. But we have concluded to do so.

Nowhere, that we can recall, is the rule better stated than in the opinion in the case where, we believe, it was first announced, Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740. We quote from it: "The decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."

True, as pointed out by appellant's industrious counsel, our Supreme Court has said—after conceding that trial judges have "a better opportunity than we [they] can have to judge of the weight and credibility of oral testimony"—that "this court has not renounced its duty nor neglected its power to revise the verdicts of juries and the conclusions of trial judges on questions of fact, where, in our [their] opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we [they] reach a clear conclusion that the finding and judgment are wrong." Twinn Tree Lumber Co. v. Day, 181 Ala. 565, 61 So. 914, 915.

And true, also, as pointed out by appellee's equally industrious counsel, our Supreme Court has said that, in a case where there was evidence "which, if believed, [was] sufficient to support the verdict of the jury, * * * error [could not] be affirmed in overruling the motion for a new trial." Morgan-Hill Paving Co. v. Fonville, 224 Ala. 383, 140 So. 575, 578.

But these later pronouncements of the Supreme Court do not, that we can see, alter, or change in any way, the rule laid down in Cobb v. Malone & Collins, supra. It is as though the said rule constituted the "main air of the music," and these quoted subsequent pronouncements, along with other, later, expressions of the same character, too numerous to even cite, were but "grace notes and variations"—to borrow the figure of speech borrowed by the late Mr. Justice Somerville from some other person in the opinion in the case of Belt Automobile Indemnity Ass'n v. Ensley Transfer & Supply Co., 211 Ala. 84, 99 So. 787.

In the instant case it is not controverted that there was "evidence which, if believed," supported the verdict of the jury. And while our reaction, upon reading the testimony in the bill of exceptions, might be somewhat of the kind described by Mr. Justice Knight in the opinion in the case of City of Ozark v. Byrd, 225 Ala. 332, 143 So. 168 (specifically, first paragraph of second column of page 334 of 225 Ala. Third paragraph of First Column on page 169 of 143 So.), yet our conclusion—with his for a guide, Code 1923, § 7318,—is that the liability vel non, here, of appellant to appellee, was a question to be determined by the jury. And that the verdict of the jury not being, that we are able to say, "palpably wrong," we will not interfere.

The question of whether or not there was error in overruling appellant's motion for a new trial on the ground of the insufficiency of the evidence to support the verdict of the jury, being the sole one presented for our consideration, and being found without answer favorable to appellant, the judgment is affirmed.

Affirmed.