57 So.2d 549

## CHANNELL v. CHANNELL.

### 6 Div. 335.

Supreme Court of Alabama.

March 10, 1952.

John A. Altman, Carrollton, for appellant.

Douglas Hendrix, Tuscaloosa, for appellee.

FOSTER, Justice.

The circuit court in equity on final hearing denied relief to appellant who sought a divorce, and granted relief to appellee on her cross-bill seeking an allowance for the support of herself and child. Such a decree was within the power of the court and is subject to review on appeal. Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550; Ex parte Tucker, 254 Ala. 222, 48 So.2d 24.

The trial of both issues was made on the testimony of witnesses examined orally in the presence of the trial judge. Therefore, the decree should not be reversed unless palpably wrong. Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

Many of the assignments of error are based on the denial of a motion to set aside the final decree and grant a rehearing. But they are not available in equity by reason of Rule 62 of Equity Practice, Code 1940, Tit. 7 Appendix. Valenzuela v. Sellers, 253 Ala. 142(3), 43 So.2d 121.

However, on appeal from a final decree in equity we would reverse it on the same principle which would justify granting a motion to set aside a verdict and judgment at law on the ground that it is contrary to the great preponderance of the evidence and, therefore, that it is palpably wrong.

We think that no good could be accomplished by discussing the evidence on that issue. We are not willing to reverse the decree on that basis.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.