154 So.2d 20

**Ex parte Dorothy HEADLEY.**

**6 Div. 921.**

Supreme Court of Alabama.

May 30, 1963.

W. A. Stevenson, Birmingham, for petitioner.

MERRILL, Justice.

Petitioner filed a petition for a writ of mandamus in this court, the writ was granted, answer filed, exceptions were taken to the answer, motion made to strike the answer and the answer was traversed.

The petition shows that petitioner was divorced from her husband, J. C. Headley, granted custody of their two children and awarded support and maintenance by a decree of the Circuit Court of Jefferson County, in Equity, Bessemer Division, on April 1, 1960; that on June 15, 1962, an affidavit for garnishment on judgment was filed for back support and maintenance due in the amount of $2,640; that the garnishee was Alabama By-Products Corporation; that the garnishee's answer showed J. C. Headley was employed by it and it was indebted to him; that on August 27, 1962, the respondent, Honorable E. L. Ball, the Circuit Judge, made the following ex parte order:

> " 'The Respondent be and is hereby directed to make all future payments for alimony and support in this cause through the Juvenile and Domestic Relations Court, Bessemer Division. It is further ordered that no future garnishment be issued by the Clerk in this cause except by order of the Court.';"

that the order was made without notice to petitioner or her attorney and that an ex parte order was entered on the back of the affidavit for garnishment on judgment, signed by Judge Ball as follows: "September 5, 1962. Released in full except for costs;" that petitioner and her attorney did not learn of this order until September 21, 1962; that Judge Ball was requested to set aside the order and reinstate the garnishment but that he "emphatically stated he would not set aside said orders and reinstate the said garnishment."

Petitioner prayed that Judge Ball be required to show cause why he should not

vacate the orders and reinstate the garnishment.

 Mandamus is the proper remedy where an order has been erroneously made striking a case from the docket, and no appeal lies to contest such action. Davis v. McColloch, 191 Ala. 520, 67 So. 701; Terry & Bro. v. Hughes & Co., 93 Ala. 432, 8 So. 686.

The answer, while it gives reasons for the action taken, does not answer the petition, does not deny the allegations of the petition, and does not state that the money due under the decree of divorce has been paid. It is not sufficient.

Unless the orders of August 27 and September 5, 1962, are vacated and the garnishment reinstated upon the receipt of this opinion by the respondent, a peremptory writ of mandamus will be awarded.

Writ of Mandamus conditionally awarded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.