172 So.2d 29

**Dorothy HEADLEY**

v.

**J. C. HEADLEY.**

**6 Div. 27.**

Supreme Court of Alabama.

July 30, 1964.

Rehearing Denied March 11, 1965.

See also 275 Ala. 262, 154 So.2d 20.

W. A. Stevenson, Birmingham, for appellant.

Jesse W. Davis, Bessemer, for appellee.

LIVINGSTON, Chief Justice.

On April 10, 1960, the Circuit Court of the Tenth Judicial Circuit, in Equity, Bessemer Division, rendered a decree of divorce in an action brought by Mrs. Dorothy Headley against J. C. Headley. In that decree, the custody of the two minor children of the parties, Brenda Headley, about 9 years old, and Terry Headley, about 5 years old, were given to Dorothy Headley, the mother. J. C. Headley, the father, was ordered to pay to the mother, for the support of said minors, the sum of $130 per

month, the first payment to begin April 5, 1960, and to continue on the 5th day of each following month. These payments were not made as ordered.

Thereafter, there were numerous motions, counter motions, affidavits, garnishments, and orders made and entered in the circuit court, and in this Court, which we will not detail here because they are unnecessary to a decision of the matters before us on this appeal.

On June 6, 1963, J. C. Headley filed what he termed "A Motion to Quash and Restrain and Enjoin" a certain garnishment proceeding "and temporarily restraining and enjoining the said Dorothy Headley from issuing any garnishment until a final determination can be made as to whether or not there is an arrearage," in the support payments. Dorothy Headley answered the motion, and after admitting certain formal allegations, in effect, denied the allegations of the motion, in other words, tendered the general issue. This motion was heard orally before Hon. E. L. Ball of the 10th Judicial Circuit, in Equity (Bessemer Div.), and on the 30th day of July 1963, the following decree was rendered.

"DECREE

"This cause coming on to be heard upon the motion of the Respondent to quash the garnishment heretofore issued out of the Clerk's office of this Court, and after hearing and considering the same, the Court makes the following finding of fact:

"1. That the total amount of accrued maintenance and support from the date of the decree in this cause of April 10, 1960 to the date of the reissuing of the garnishment in said cause in June, 1963 will be in the amount of $4875.00.

"2. That the Respondent is entitled to the following credits against the foregoing amount of $4875.00:

"(a) The sum of $1985.00 representing a period of seventeen months immediately succeeding the decree of April 10, 1960 because for that period by consent of the parties or with the Complainant's permission the child was in the complete custody of the Respondent and was totally supported by the Respondent during this period. .

"(b) The sum of $129.03 by reason of a partial payment on a garnishment issued in this cause and answered on August 7, 1961.

"(c) The sum of $780.00 representing a period of six months in which the Complainant violated a material provision of the divorce decree in that she willingly secreted said child of said marriage in the state of Texas and denied the Respondent his reasonable right of visitation with the child; and at this time, even though the attorney of record for the Complainant had issued and had pending a garnishment against the wages of the Respondent, said attorney for the Complainant denied that he was the attorney of record for the Complainant and refused to accept service of a petition to modify the decree which said petition was filed by the attorney for the Respondent.

"(d) The further sum of $600.00 which by the uncontradicted evidence in the case was paid by check or in cash by the Respondent to the Complainant.

"(e) And further credit in the amount of $995.00 which without dispute was paid by the Respondent through the Juvenile and Domestic Court of Jefferson County, Bessemer Division.

"3. The above and foregoing credits as set forth in Paragraph 2 hereof are in the amount of $4489.03 and when deducted from the total accrued amount due of $4875.00 leaves a present balance due under the writ of garnishment the sum of $385.97.

"4. That the garnishment issued in this cause was unnecessary to effect the

collection of the payments of support and maintenance and that said garnishment was improvidently sued out by the Complainant and that the Complainant ought to bear the costs of this proceedings.

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:

"1. That the Clerk and Register be and is hereby directed to pay over to the Complainant the sum of $385.97 less the costs accrued in this proceeding.

"2. That the Clerk and Register be and is hereby directed to pay any such sums that he holds in excess of $385.97 to Mr. Jesse W. Davis, the attorney for Respondent in this cause.

"3. That the garnishee, Alabama By-Products Corporation, be and is hereby directed and ordered to pay into the Clerk and Register of this court the sum of $191.85 and the Clerk be and is directed to issue a release to said garnishee for all sums in excess of $191.85; upon payment by the garnishee of said sum of $191.85, garnishee is released from any further liability in said cause.

"Done this the 30th day of July, 1963."

From above decree, this appeal was perfected.

The crux of the matter before the trial court and now before this Court, as tendered by the pleadings, is a determination of what amount, if any, is due and payable, at the time of the hearing below, under the terms of the original divorce decree, it never having been modified, although two petitions to modify were filed by the husband but subsequently dismissed by him.

We think the method used by the trial court in making this determination is entirely proper.

The evidence clearly establishes, indeed the wife admits, that shortly after the decree of divorce was entered in this case, she went to her former husband and asked him to take the children because she was at that time somewhat mentally disturbed and in bad health. She asked the father to take charge of the children until she was better. The father took the two children to the home of their paternal grandparents, where he also resided; that for some 17 months he provided for their support and maintenance, although the father married again and changed residence once or twice. After about 17 months, the mother took the children and carried them to Texas, where she secreted them for another 6 or 7 months, and the father was unable to locate them. There is evidence that the trip to Texas was on the advice of the wife's then counsel. (The record indicates that the wife has changed counsel two or three times during the course of these proceedings. The record also indicates that the husband has changed counsel.) At the end of this period of time, she returned to Bessemer, Alabama, and ran a garnishment against the husband's employer, the Alabama By-Products Company, in order to collect the past-due payments for support and maintenance of the children. The garnishee's answer showed that J. C. Headley was employed by it, that it was indebted to him, and that on August 27, 1962, Hon. E. L. Ball, Circuit Judge, made the following ex parte order:

"The respondent be and is hereby directed to make all future payments for alimony and support in this cause through the Juvenile and Domestic Relations Court, Bessemer Division. It is further ordered that no future garnishment be issued by the clerk in this cause except by order of the court."

This order was set aside by Judge Ball on the direction of this Court. We mention this order simply because the father did make some payments through the Juvenile and Domestic Relations Court. See

Ex parte Headley, 275 Ala. 262, 154 So.2d 20.

In our recent case of Wood v. Wood, 275 Ala. 305, 154 So.2d 661, we said:

"Our cases clearly enunciate the rule that installment payments decreed in a divorce for support and education of the minor child of a marriage become final judgments as of the dates due and may be collected as other judgments. Armstrong v. Green, 260 Ala. 39 (Rehearing Op., p. 45), 68 So.2d 834, 839. And installments which mature before a petition to modify is filed are immune from change. Scott v. Scott, 265 Ala. 208, 90 So.2d 813, and cases cited. Such is the status of the accrued weekly payments during the minority of the child, while not self-supporting."

See also Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147; Melvin v. Furr, 275 Ala. 428, 155 So.2d 593; Armstrong v. Green, 260 Ala. 39, 68 So.2d 834, and Whitt v. Whitt, Ala., 166 So.2d 413, 7 Div. 631, Sup. Court (Ms.)

The instant case is clearly distinguishable from the foregoing authorities. Here, there is ample evidence to support the finding of the trial court; that shortly after the divorce decree was entered and the care and custody of the two minors given to the mother, the mother, on account of her mental and physical condition, requested the father to take the care and custody of the children and support them. This, the father did for some 17 months, and until the mother came and got them and carried them away, and secreted them in Texas.

As was stated in Armstrong v. Green, supra:

"The weight of authority appears to be to the effect that proceedings to enforce a decree for the support and maintenance of a child are subject to any valid defense against the required payment. 27 C.J.S., Divorce, § 321, pages 1227–1228 [27B C.J.S. Divorce § 321(5), p. 650]. See 17 Am.Jur. p. 536 [17A Am.Jur., § 876, p. 65]."

Our research discloses no case in this jurisdiction with facts similar to the instant case.

In the case of M—— (Plaintiff), Appellant, v. M—— (Defendant), Respondent, No. 29899, 313 S.W.2d 209, 213 (Mo.), the St. Louis Court of Appeals, on similar facts, stated as follows:

"Whether the father is entitled to credit on the arrears of a child support judgment for payments made on behalf of the child depends on the circumstances under which the payments are made. In a contempt proceeding the father was denied credit for *voluntary* payments made to the child, Fischer v. Fischer, 164 Ga. 81, 137 S.E. 821. In Fussell v. State, 102 Neb. 117, 166 N.W. 197, L.R.A.1918F, 421, the court refused to give credit on a support judgment for gifts of small sums of money made to the child; and in Openshaw v. Openshaw, 86 Utah 229, 42 P.2d 191, the court rejected the father's claim for credit for money paid directly to the children.

"On the other hand, under certain factual situations the mother may not collect the amount that has accrued on a judgment for support. 27 C.J.S. Divorce § 321(b), p. 1228 [27B C.J.S. Divorce § 321(5), p. 650], considers and deals with the general question in this language: 'Where an order required a divorced husband to make periodical payments for the support of a child, and the husband had the custody of and supported the child for several years, the wife could not recover payments for support during that period, *nor during the period third persons were supporting the child,* * * *.' (Italics supplied.) See also 17A Am.Jur., Divorce and Separation, § 876. The subject received treatment in Steckler v. Steckler, Mo.App., 293 S.W.2d 129,

where the Springfield Court of Appeals considered the father's claim for credit on a judgment for payments made direct to his daughter. There the court stated, loc. cit. 134: '* * * there are numerous cases which hold that where "compulsion of circumstances" makes necessary the direct expenditures by the husband, equitable considerations will require credit for such expenditures "which constitute a substantial compliance with the spirit and intent of the decree." Jackson v. Jackson, 306 Ky. 715, 209 S.W.2d 79; Schlom v. Schlom, 149 Miss. 111, 115 So. 197; Mooty v. Mooty, 131 Fla. 151, 179 So. 155; Mason v. Mason, 148 Or. 34, 34 P.2d 328; State ex rel. Meins v. Superior Court of Skagit County, 159 Wash. 277, 292 P. 1011.' The court also observed that in those cases which hold the court has jurisdiction to credit arrears on a support judgment when equitable principles demand it, 'the annotators are reluctant to draw and state any general rule as to when such credit may be allowed,' and premised the holdings in a majority of cases on the express or implied consent of the mother, who occupies the position of parent-trustee, to the payment of the judgment in manner other than directly to her.

"The purpose of a judgment having the characteristics of the one under consideration is to provide support and maintenance for the children named in the decree, the real beneficiaries of the judgment, Section 452.070 RSMo 1949, V.A.M.S.; Cervantes v. Cervantes, 239 Mo.App. 932, 203 S.W.2d 143, 146(7), —it is not for the personal benefit of the person in whose name the judgment stands. With this basic principle as the pole star, there is no merit in plaintiff's contention of error in regard to the court's action in partially quashing the execution. * * *"

We are clear to the conclusion that under the facts of the instant case, where the father had the care and custody of the children and supported them, at the wife's request, he is entitled to a credit for such support.

We are not to be understood as in anywise entrenching upon the above-cited Alabama authorities and other Alabama cases of like import, but rest our decision on the particular facts of the instant case.

In determining the amount the husband owed the wife in past-due installment payments, the court gave the husband $780 credit for a time when the wife had the children in Texas.

The question as to whether a father is to be relieved of making child-support payments to his ex-wife during a period when she has the children outside the state has never been decided in Alabama. The rule generally followed in other jurisdictions is: Where the decree expressly prohibits the wife from removing the children from the jurisdiction of the court, so as to place her in contempt of court for doing so, the husband is relieved from making payments while she has the children outside the state, Belot v. Belot, 115 Kan. 96, 221 P. 1111, and Craig v. Craig, 157 Fla. 710, 26 So.2d 881.

However, in Schneider v. Schneider, 207 Iowa 189, 222 N.W. 400, where there was no order prohibiting the removal of the children from the jurisdiction of the court by the wife, the court said that the removal only had the effect of making the husband's exercise of his right of visitation impractical. The trial court ordered the husband to make the payments to the clerk of the court until the wife brought the children back into the state. Rejecting the husband's contention that he should be relieved from making payments during the time the wife had the children outside the state, the supreme court approved the action of the lower court saying that it had apparently done the best it could with a difficult situation.

In Stanfield v. Stanfield, 67 Okl. 56, 168 P. 912, the court said that where the wife was granted custody of the children and there was no provision in the divorce decree that she should keep them within the state, no deduction could be made from the amount of alimony awarded by the court for the period the wife had the children outside the United States.

These decisions seem to us to be sound, and since there was no provision prohibiting the removal of the children from the state by the wife in the instant case, we are of the opinion that the trial court erred in giving the father credit against the back payments for the period the wife had the children in Texas.

■ The appellant also assigns as error the taxing of costs to her by the court which was done because the trial court found that the garnishment was "improvidently sued out."

We must agree with appellant. In Dishman v. Griffis, 198 Ala. 664, 73 So. 966, this Court, in determining whether a particular garnishment was wrongfully brought, said that to justify a garnishment in aid of a pending suit, it is essential that there be an existing indebtedness from the defendant, and that *in the belief of the plaintiff in garnishment,* the writ is necessary to obtain satisfaction of the claim.

In the Dishman case, supra, we held that a garnishment suit should be declared wrongful only if the evidence clearly shows that no reasonable man *could* have thought he needed the further aid of the court in the collection of his debt or that the plaintiff in garnishment in fact did not think the suit was necessary to collect the debt.

[4] Although this court has repeatedly held that questions of fact will not be overturned unless palpably wrong and contrary to the great weight of evidence, Blankenship v. Blankenship, 266 Ala. 182, 94 So.2d 743; Gardiner v. Willis, 258 Ala. 647, 64 So.2d 609; Channell v. Channell, 257 Ala.

85, 57 So.2d 549; and Johnson v. Johnson, 215 Ala. 487, 111 So. 207, it has also often held that in a proper case, the appellate court should review conclusions of the trial judges on questions of fact, where, after making all proper allowances and indulging all reasonable intendments in favor of the trial court, the reviewing court reached the clear conclusion that the findings are wrong. Fidelity Phenix Fire Ins. Co. of New York v. Raper, 242 Ala. 440, 6 So.2d 513; and Morris v. Neely, 28 Ala.App. 171, 180 So. 124.

The plaintiff in garnishment, considering the fact that the defendant was behind in his support payments and the difficulty she had experienced in collecting said payments from the defendant, had reason to reasonably believe that she could not collect the payments without the aid of the court, and the evidence does not show that she did not think the garnishment was necessary, we, therefore, think the court erred in finding that the complainant wrongfully sued out the garnishment.

The trial court allowed the sum of $129.-03 as a credit on the accrued maintenance and support payments, amounting to $4875.-00, from April 10, 1960 to the date of the reissue of the garnishment in June, 1963; and the further sum of $600.00, which the trial court found was paid by check or in cash by the father to the mother, and a further credit of $995.00, which was paid by the father through the Juvenile and Domestic Court of Jefferson County, Bessemer Division.

■ As to these three credits, the evidence was somewhat in conflict, but indulging the usual presumption in favor of the findings of the lower court, we will not disturb the findings of that court.

The trial court further ordered that the "garnishee, Alabama By-Products Corporation, be and is hereby directed and ordered to pay into the Clerk and Register of this court the sum of $191.85, and the Clerk be and is directed to issue a release to said

garnishee for all sums in excess of $191.85; upon payment by the garnishee of said sum of $191.85, garnishee is released from any further liability in said cause."

No understandable argument is made by either party to this assignment of error.

The appellant assigns as error the admission of certain testimony relative to the father's keeping and supporting the children for 17 months. What we have said above adequately disposes of this assignment of error.

For the errors pointed out above, the cause is reversed and remanded to the lower court with instructions to enter a decree in accordance with this opinion.

Reversed and remanded with instructions.

LAWSON, GOODWYN and HARWOOD, JJ., concur.