226 So.2d 90

**Dorothy HEADLEY**

v.

**E. L. BALL et al.**

**6 Div. 405.**

Supreme Court of Alabama.

Aug. 14, 1969.

William A Stevenson, Birmingham, for appellant.

Maurice F. Bishop, John P. Carlton, Birmingham, for appellees.

COLEMAN, Justice.

Plaintiff appeals from a judgment of voluntary nonsuit induced by the ruling of the trial court sustaining a demurrer to plaintiff's complaint.

The complaint contains five counts. In five assignments of error, plaintiff assigns as error the ruling as to each count severally, but plaintiff makes argument in detail as to only the first count and adopts the same argument as to the other four counts. We take it that the rulings as to all five counts rest on the same principles of law and will write to the first count only.

A mandamus proceeding and an appeal relating to matters which gave rise to the instant case were before this court in Ex parte Headley, 275 Ala. 262, 154 So.2d 20; and Headley v. Headley, 277 Ala. 464, 172 So.2d 29.

The record recites that the proceedings therein were had in the cause styled:

"DOROTHY HEADLEY

VS

"E. L. BALL; J. ELMORE McADORY, DEPUTY CLERK and REGISTER of Circuit Court, Tenth Judicial Circuit of Alabama, Jefferson County, Bessemer Division; United States Fidelity & Guaranty Company, Inc., a Corporation; and Anchor Casualty Company, Inc., a Corporation"

In Count 1, plaintiff claims of the defendants damages for that on April 1, 1960, plaintiff obtained judgment against one J. C. Headley in the amount of $130.-00 monthly in Case Number 18086, styled Dorothy Headley v. J. C. Headley, in the Circuit Court, Tenth Judicial Circuit of Alabama, Bessemer Division, In Equity, and that on June 15, 1962, there was due plaintiff the sum of $1,165.97; that on June 15, 1962, plaintiff caused a writ of garnishment to issue to J. C. Headley's employer; that under the said writ a lien was created in favor of plaintiff on the wages of J. C. Headley; that after the lien had been in effect, "the said E. L. Ball did enter a void order" releasing plaintiff's lien of garnishment on the sum of $900.00 held by J. C. Headley's employer and the employer paid said sum of money to J. C. Headley;

"* * * That no pleading was filed in the cause to place the proceeding colorably under E. L. Ball's jurisdiction and plaintiff alleges that his release of plaintiff's lien of garnishment was void and has been so held by the Supreme Court of Alabama in a Mandamus proceeding brought by Plaintiff. * * *"

Plaintiff further alleges that the defendant, McAdory, Clerk and Register of the Circuit Court, Bessemer Division, wrongfully issued a garnishment release based on a void order and did not notify plaintiff that garnishee had filed an answer and did not require J. C. Headley to post a bond before releasing said lien of garnishment. Plaintiff alleges that the corporate defendants are sureties on McAdory's performance bonds as clerk and register; that said E. L. Ball and McAdory did, by their void and wrongful acts, destroy plaintiff's lien on said money and prevented plain-

tiff from collecting said money without the expense of prolonged and expensive litigation; that plaintiff has been damaged by becoming liable for attorney's fees, has been put to great trouble, inconvenience, and expense and has lost time from work and suffered great mental pain and anguish in enforcing her rights; that the acts of McAdory and E. L. Ball were accompanied with malice, vexation, or oppression; and plaintiff claims punitive damages.

Nowhere in Count 1 does plaintiff describe the defendant, E. L. Ball, other than by his initials and surname. As quoted above from Count 1, plaintiff makes reference to a former proceeding in this court, to wit Ex parte Headley, supra.

"With respect to the judicial notice by a court of its own records, we do not wish to be understood as holding that in all cases courts may notice the record of other proceedings therein, even though they be between the same parties and involve the same subject-matter. See 23 Corp. Jur. 113, § 1920. But where a party refers to such other proceeding or judgment in his pleading for any purpose, the court on demurrer by the other party may and should take judicial notice of the entire proceeding in so far as it is relevant to the question of law presented." Cogburn v. Callier, 213 Ala. 38, 40, 104 So. 328.

See: Butler v. Olshan, 280 Ala. 181, 191 So.2d 7.

■ On the basis of plaintiff's reference to former proceedings which are of record in this court, we take notice of our own records to the extent of construing plaintiff's reference to "E. L. BALL" as meaning the Honorable E. L. Ball, Judge of the Tenth Judicial Circuit. Unless we do ascertain the identity of this defendant, Count 1 is not understandable.

As we understand Count 1, plaintiff claims the right to recover from Judge Ball for damages allegedly suffered by plaintiff as the result of a void order made by Judge Ball, as a judge of the circuit court, whereby plaintiff's garnishment lien was released. Plaintiff says in brief:

"* * * The Count alleges that the Supreme Court has ruled that the release was a void order."

With respect to the liability of the defendant clerk, plaintiff says in brief:

"* * * It is a defense by the Clerk to an action against him to show that he was acting under the orders of the Court, but not when the Court's orders are void. Davidson v. Wiley, Banks & Co., 31 Ala. 452. * * *"

Thus plaintiff's argument is that the judge and clerk are liable because the order made by the judge releasing the garnishment was void. To follow defendants' argument, it must be that neither judge nor clerk is liable if the order was not void.

■ We are of opinion that the order was not void. The court had jurisdiction of parties and subject matter. When the judge entered the order, he was acting as judge and was entering an order which he had authority to enter, even though he may have acted erroneously when he did so. This court held that he erred when he did so but did not hold that the order was void or that the judge lacked authority to enter it.

We have written the foregoing in answer to plaintiff's argument which she rests on Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L.R.A.,N.S., 164. In *Broom* this court said:

"We deduce from approved authorities the following principles as pertinent to the present case:

"(1) The judge of a court of superior or general jurisdiction is not liable for any judicial act in excess of his jurisdiction which involves a present or previous affirmative decision of the fact

of his jurisdiction, even though such decision is wholly erroneous, provided there is not a clear absence of all jurisdiction, Busteed v. Parsons, 54 Ala. 393, 25 Am. Rep. 688; Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (leading case); Yates v. Lansing, 9 Johns. (N.Y.) 395, 6 Am. Dec. 290; Lange v. Benedict, 73 N.Y. 12, 29 Am.Rep. 80.

"(2) The fact that such judge acts maliciously or corruptly in such cases does not render him liable. Busteed v. Parsons; Bradley v. Fisher, supra; 19 Cyc. 333; note to Lacey v. Hendricks, 137 Am.St.Rep. 47." (175 Ala. at 272, 57 So. at 862)

As to the civil liability of judges, this court has said:

"The doctrine has become so firmly settled as to have passed into a truism that an action will not lie against a judicial officer, the highest or lowest, keeping within the sphere of his jurisdiction, by one supposing himself aggrieved by his judicial action. Mechem on Public Officers, § 619, et seq.; Cooley on Torts, 403, et seq.; Busteed v. Parsons, 54 Ala. 393; Irion v. Lewis, 56 Ala. 190; Woodruff v. Stewart, 63 Ala. 206; Heard v. Harris, 68 Ala. 43. Averments of malice, or of corruption in the exercise of jurisdiction, or of authority, work no change in the operation of the principle. 'Malice and error combined, nor either separately, will furnish a private cause of action against a judge.' Irion v. Lewis, 56 Ala. 190, supra; Woodruff v. Stewart, 63 Ala. 206, supra. The true theory and reason of the doctrine, is stated with clearness by Judge Colley: 'Whenever the state confers judicial powers upon an individual, it confers therewith full immunity from private suits. In effect the state says to the officer that these duties are confided to his judgment; that he is to exercise his judgment fully, freely, and without favor, and he may exercise it without fear; that the duties concern individuals, but they concern more especially the welfare of the state, and the peace and happiness of society; that if he shall fail in a faithful discharge of them, he shall be called to account as a criminal; but that, in order that he may not be annoyed, disturbed, and impeded in the performance of these high functions, a dissatisfied individual shall not be suffered to call in question his official action in a suit for damages.' Cooley on Torts, 408. * * *." Coleman v. Roberts, 113 Ala. 323, 329, 21 So. 449, 450.

Under the principles thus stated, the defendant judge is not liable to the plaintiff and Count 1 fails to state a cause of action against him.

As conceded by plaintiff, the clerk is not liable if the order is not void. This court has said:

"In a long line of decisions, it is established that, where the court has jurisdiction of the fund and of the parties, an officer of the court holding the funds for the court will be protected in paying out such funds by an order of the court. North Birmingham Trust & Savings Bank v. Hearn et al. supra; McPhillips v. McGrath, 117 Ala. 549, 23 So. 721; Davidson v. Wiley, Banks & Co., 31 Ala., 452; 11 Corpus Juris, pp. 897, 898, § 101." Shelley v. Thomas, 232 Ala. 227, 232, 167 So. 316, 320.

Under the quoted rule, the clerk would not be liable if he had paid out money according to an order of the court. A garnishment lien on money does not stand on any higher ground than the money itself. If the clerk, in paying out money, is protected by the order of the court, the clerk is also protected in releasing a lien on money. Count 1 does not state a cause of action against the defendant clerk or his sureties.

"* * *. When a complaint, or any of its several counts, does not state a cause of action, a general demurrer on that ground is sufficient to call attention to the defect, since the court should on

**492**

its own motion deny any recovery thereon by the plaintiff. McCarty v. Williams, 212 Ala. 232, 102 So. 133; John E. Ballenger Const. Co. v. Joe F. Walters Const. Co., 236 Ala. 548, 184 So. 275." Druid Homes, Inc. v. Cooper, 272 Ala. 415, 417, 131 So.2d 884, 886.

See: Butler v. Olshan, supra.

We do not imply that other grounds of demurrer were not also well taken.

The demurrer was properly sustained and the judgment is affirmed.

Affirmed.

SIMPSON, HARWOOD and BLOODWORTH, JJ., concur.