**James L. PERKINS, Plaintiff-Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.**

**No. 30244**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1970.

Gordon & Cleveland, Charles Cleveland, Birmingham, Ala., Love & Love, Huel M. Love, Sr., Talladega, Ala., for appellant.

Gaines & Powers, by Ralph D. Gaines, Jr., Talladega, Ala., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

James L. Perkins brought an action for damages in the district court against a judge of the Probate Court of Talladega County, Alabama,[1] for alleged wrongful commitment to a state mental institution. The district court granted a de-

---

* ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. United States Fidelity and Guaranty Company is the named defendant-appellee

by virtue of the company's issuance of a surety bond covering the probate judge, and its ultimate liability for any damages which might be awarded in this action. Title 13, Section 274 and Title 41, Section 50, Code of Alabama, Recompiled 1958.

fense motion to dismiss on the grounds that the acts complained of constituted a judicial function rather than a ministerial function and therefore under Alabama law the probate judge was immune from civil liability. Broom v. Douglass, 175 Ala. 268, 57 So. 860 (1912). This appeal followed. We affirm.

Perkins alleged that on November 7, 1969, his wife filed in the Probate Court of Talladega County, Alabama, an application to commit him to the Alabama State Hospital for the Insane. It was alleged that no hearing was held, and that Perkins did not receive any notice of the commitment proceedings. On November 17, 1969, the Honorable Joe J. Phillips, Sr., judge of the Probate Court, signed a certificate of the mental disqualification of Perkins and ordered him committed to the state mental hospital. Perkins was arrested and taken to the hospital where he remained until December 19, 1969, when he was released on a writ of habeas corpus issued by the Circuit Court of Tuscaloosa County, Alabama.

■ Appellant urges that the Probate Court did not have jurisdiction over the commitment proceedings and this alleged lack of jurisdiction deprives the probate judge of civil immunity. Appellant also contends that the commitment was a ministerial act and not a judicial act, and that therefore under Alabama law the probate judge was not immune from civil liability. These arguments are without merit.

The Probate Court is a court of original and general jurisdiction. Title 13, Section 278, Code of Alabama. The statutory provisions for commitment to a state mental hospital are established in Title 45 of the Code of Alabama, Recompiled 1958. Section 205 of that Title provides:

§ 205. Insanity defined which renders person eligible as patient.—A person shall be adjudged insane who has been found by a proper court sufficiently deficient or defective mentally to require that, for his own or others'

welfare, he be moved to the insane hospital for restraint, care and treatment. Whether the person's mental abnormality is sufficiently grave to warrant such procedure is always the question to be decided by the court.

Sections 208 and 210 of the same Chapter provide:

§ 208. Application to and of probate judge for admission of patient; contents of.—When a relative, friend, or other party interested desires to place a person as a patient in one of the state hospitals, he shall apply to the judge of probate of the county in which the person resides, and the judge of probate, without delay, shall investigate the case, by examining witnesses, or not, as he sees fit * * *.

§ 210. Certificate of probate judge for admission of patient; form and contents of.—When informed by the superintendent that the person can be received as a patient, the judge of probate shall examine witnesses, at least one of whom shall be a physician, and fully investigate the facts of the case, either with or without a jury, and either with or without the presence in court of the person, the grade of whose mental disqualification is under investigation, according to his discretion * * *.

The clear words of the statute grant the Probate Court jurisdiction over the application for commitment. Assuming that the probate judge did not provide appellant with all of the procedural safeguards provided in the statute (a question which we do not decide), that would not destroy the jurisdiction of the court to hear and decide the case. Cf. Headley v. Ball, 284 Ala. 488, 226 So.2d 90 (1969).

It is equally clear that the action of the probate court on the application for commitment was a judicial function. In Rainey v. Ridgeway, 151 Ala. 532, 43 So. 843 (1907) it was said:

"Judicial power is authority, vested in some court, officer, or person, to hear and determine, when the rights of persons or property, or the propri-

ety of doing an act, are the subject-matter of adjudication. Official action, the result of judgment or discretion, is a judicial act. The duty is ministerial, when the law, exacting its discharge, prescribes and defines the time, mode, and occasion of its performance with such certainty that nothing remains for judgment or discretion. Official action, the result of performing a certain and specific duty arising from fixed and designated facts, is a ministerial act".

We doubt the existence of many situations calling for more judicial discretion and decision-making talent than in the determination of the competency of a human being. The task calls for the court to look into the mind of an individual and determine his mental state under rules which are vague, difficult to apply, and necessarily imperfect. The function involved is unquestionably judicial in nature. See in this regard Headley v. Ball, supra; Pickett v. Richardson, 1931, 223 Ala. 683, 138 So. 274; Broom v. Douglass, supra.

The judgment of the lower court is

Affirmed.