I dissent from the opinion of the majority of this court because the dispositive "issue here is not whether such past-due installments are considered as final judgments beyond the power of a trial court to modify, but rather whether such judgments are to be considered paid and satisfied under the evidence of this particular case." Binns v. Maddox, 57 Ala. App. 230,232, 327 So.2d 726, 727-28 (Ala.Civ.App. 1976). In Binns, this court stated:
 "We hold that the facts of this case bring it within the rule stated in Headley v. Headley, 277 Ala. 464, 172 So.2d 29 [1964], authored by the late esteemed Chief Justice of Alabama, J. Ed Livingston, and quoting from Armstrong v. Green, [260 Ala. 39, 42, 68 So.2d 834, 836 (1953)] as follows:
 " 'The weight of authority appears to be to the effect that proceedings to enforce a decree for the support and maintenance of a child are subject to any valid defense against the required payment. 27 C.J.S., Divorce, 321, pages 1227-1228 [27B C.J.S. Divorce, § 321(5), p. 650].'
 "We add the further citation of 24 Am. Jr.2d, Divorce and Separation, Section 873.
 "We interpret this statement to mean that though the installments are judgments, an action for their collection may be defended by pleading a defense of payment or discharge by some means other than as expressly directed by the decree."
Id. at 232 (emphasis added).
In Headley v. Headley, 277 Ala. 464, 468, 172 So.2d 29, 32
(1964), the Supreme Court *Page 86 
affirmed the trial court's granting of credit for child support during the time that the father had the children in his custody. In Headley, the court referred to the case of M. v.M., 313 S.W.2d 209, 214 (Mo.App. 1958), wherein the Missouri court stated that the purpose of a judgment for child support is "to provide support and maintenance for the children named in the decree, the real beneficiaries of the judgment" and that such judgment "is not for the personal benefit of the person in whose name the judgment stands."
As stated in the majority opinion, the father paid child support following the divorce until the time his elder child reached the age of 19.
 "A trial court has, as a general rule, 'no continuing equitable jurisdiction over the issues or parties to a divorce,' in the absence of an express agreement by the parties, 'to require that a non-custodial parent provide support of any kind to any child that [has] reached the legislatively prescribed age of majority.' "
Whitten v. Whitten, 592 So.2d 183, 185 (Ala. 1991) (quoting Exparte Bayliss, 550 So.2d 986, 991 (Ala. 1989)). Therefore, the mother is not legally entitled to continue to receive support for the elder child. In his concurring opinions in Austin v.Austin, 364 So.2d 301, 303 (1978), and Ex parte Morgan,440 So.2d 1069, 1072 (1983), Chief Justice Torbert stated that "child support payments should not be awarded" to children after they have reached the age of majority. The only issue remaining is the correct amount the father owed the mother for support of the younger child.
The trial court meticulously calculated the amount pursuant to Rule 32, Ala.R.Jud.Admin., and that calculation carries with it a rebuttable presumption of correctness. Rule 32(A). The mother offered no evidence that the application of the guidelines would be manifestly unjust or inequitable. Rule 32(A)(ii).
Further, payment to the mother of child support that she is not legally entitled to receive would be an unjust and inequitable enrichment. Armstrong v. Green, 260 Ala. 39,68 So.2d 834 (1953). To award the mother money to which she is not legally entitled is wrong. Courts of equity ought not to be active in enforcing claims that are not, under all the circumstances, just as between the parties. Gralapp v. Hill,205 Ala. 569, 88 So. 665 (1921).
Even though the father failed to request a modification of the amount of child support when his elder daughter reached 19 years of age, this court favors the substantive justice of ascertaining the correct amount of child support due over the procedural requirement of petitioning for modification. The issue is not whether the amount of monthly child support has been judicially redetermined, but whether the father has a "valid defense against the required payment."
 " 'Equity looks through form to substance,' Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670, and in 'the equity court we are interested in substantive justice rather than in the mere technicalities of procedure,' Smith v. Bryant, 263 Ala. 331, 82 So.2d 411, and this 'doctrine is sound and promotive of the ends of justice, which after all is the end and purpose of legal jurisprudence.' Andress v. Parish, 239 Ala. 67, 193 So. 727."
United States Finance Co. v. Jones, 288 Ala. 238, 242,259 So.2d 264, 268 (1972).
I would affirm the judgment based on the trial court's calculations.