# Jackson v. Jackson.

February 27, 1948.

Edward P. Hill, Judge.

Leroy Combs and C. Kilmer Combs for appellant.

Joe P. Tackett for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

W. E. Jackson and Marie Mater Jackson were married in Illinois in March, 1930, and moved to Prestonsburg, Kentucky, in January, 1942. They separated in 1943, and W. E. Jackson brought an action for divorce on November 29, 1944. The parties have three children, two girls and one boy. The oldest is now 17 and the youngest 9 years of age. On December 8, 1944, Mr. and Mrs. Jackson entered into a written agreement which provided that he should pay to his wife $1,000 immediately and $150 a month thereafter for the maintenance of herself and the three children. He also agreed to pay all necessary medical bills incurred by Mrs. Jackson and the children. The agreement provided that the monthly payments should be reduced to $100 a month to be applied solely to the support of the chil-

dren in the event Mrs. Jackson remarried. It was agreed that she should have the custody of the children until they arrive at the age of 21 years, but provided that the father should have custody of them during the summer school vacations. A judgment granting W. E. Jackson an absolute divorce was entered January 6, 1945, and the written agreement of December 8, 1944, was made a part of the judgment. Several months after the divorce was granted Mrs. Jackson moved to Lexington, Kentucky, with the three children. She placed the children in school and obtained employment in a department store where she earned $75 a month. The boarding house in which they lived was sold before the 1946-1947 school term began, and Mrs. Jackson was unable to find a satisfactory apartment. It was agreed that the children should go to Prestonsburg and live with their father and attend school there until Mrs. Jackson obtained a home for them in Lexington. W. E. Jackson paid $40 to his divorced wife in September, 1946, and $40 in October, but made no payments thereafter, apparently upon the theory that the contract which had been made a part of the judgment of divorce was suspended during the time the children were in his custody. On February 5, 1947, Mrs. Jackson filed in the Floyd Circuit Court a motion for a rule against her former husband requiring him to show cause why he should not be punished for contempt for failing to pay the sums adjudged her as alimony. In an affidavit filed in support of her motion she stated that she and the children had incurred reasonable necessary medical bills in the sum of $52, which W. E. Jackson refused to pay. In a response to the motion W. E. Jackson alleged that the payment of $1,000 provided for in the judgment was in full settlement of all alimony; that the payment to Mrs. Jackson of $150 a month was to be made in consideration of her providing a home and caring for the children; and that she had failed so to do. Proof was heard on the motion, and the court found that W. E. Jackson was in arrears $170 on the alimony payments, $20 for the months of September and October, 1946, and $50 for each of the succeeding three months, and that he owed $52 on the medical bills. The court correctly interpreted the contract which had been made a part of the judgment of divorce as providing

$100 a month for maintenance of the children and $50 a month for alimony to Mrs. Jackson. The court credited the total amount found due, $222, with $140, the amount W. E. Jackson had paid as tuition for the oldest child in a private school. The court then adjudged that the monthly payments of alimony due Mrs. Jackson be reduced from $50 to $25. Mrs. Jackson has filed a motion for an appeal. She insists that the court erred in giving appellee credit for $140 and in reducing the monthly payments of alimony to $25.

We think the allowance of the $140 credit was proper. Appellant had sent her oldest daughter to a private school without appellee's knowledge, and when he received a bill for the tuition he learned upon investigation that the child would lose the credits she had earned if removed at that time and placed in a public school. He paid the tuition for the remainder of the term rather than cause the child the inconvenience and loss of credits occasioned by a change of schools. The payment was not a gift as claimed by appellant, but was made under compulsion of circumstances created by her.

The chancellor erred in reducing the payments of alimony from $50 to $25 a month. The contract signed by the parties and made a part of the judgment of divorce clearly provided for the payment of $50 monthly to appellant for her maintenance. The judgment of divorce, after setting out the agreement of the parties, adjudged "that the foregoing agreed order be and it is hereby adopted and made a part of this judgment of the court." After granting the plaintiff an absolute divorce, the judgment concluded: "This cause having served its purpose upon the docket of this Court, it is now stricken therefrom and the parties hence dismissed." When the parties to a divorce proceeding enter into an agreement settling their property rights and providing for the payment of alimony either in a lump sum or. monthly payments and a judgment is rendered carrying the agreement into effect, the court is without power, after the expiration of the term, to change the alimony. In the absence of mistake, fraud or duress such an agreement is binding on the parties, and where it is approved by the solemn judgment of the court the judgment cannot be modified in so far as it is

based on the contract of the parties, for such a modification of the judgment would be no less than a modification of the contract itself. Pauley v. Pauley, 280 Ky. 66, 132 S. W. 2d 512; Hargis v. Hargis, 252 Ky. 198, 66 S. W. 2d 59; Keach v. Keach, 217 Ky. 723, 290 S. W. 708.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed with directions to enter a judgment in conformity herewith.