Per Curiam.

In addition to the reasons given below for denial of the motion, it should be pointed out that this is an opposite sort of situation from that involved in Nichols v. Nichols (306 N. Y. 490) where the support provisions for the wife and children were ‘ ‘ unitary and unallocated ’ ’ and the court refused “ to do what the parties had failed to do, that is, apportion the total sum” (p. 497). Here the agreement explicitly provides one amount for the wife’s support and another for the children’s support. Defendant is accordingly entitled to show at a trial that it was he who has expended directly the sum specified therein for the children’s support and therefore may limit his payments to plaintiff to the sum allocated for her support.
The order should be affirmed, with $10 costs and disbursements.
Ebeb, Heoht and Tilzeb, JJ., concur.
Order affirmed, etc.