420 P.2d 167

**Waunetta Arline Monroe COLE, Appellant,**

v.

**Bass Vincent COLE, Appellee.**

**No. 7867.**

Supreme Court of Arizona.

In Division.

Nov. 17, 1966.

Lee R. Perry, Carson, Messinger, Elliott, Laughlin & Ragan, Phoenix, for appellant.

Herbert Mallamo, Donald R. Kunz, Phoenix, for appellee.

McFARLAND, Justice:

Waunetta Arline Monroe Cole, hereinafter referred to as plaintiff, brought an action against Bass Vincent Cole, hereinafter referred to as defendant, for delinquent alimony and support payments. A judgment was granted plaintiff allowing her all delinquent alimony payments, and support payments for one child only, since the father had taken custody of the other child, relying on a minute entry to that effect. From this judgment plaintiff appeals.

Plaintiff was granted a decree of divorce from defendant on September 18, 1957. Included in this decree was a provision that defendant pay plaintiff the sum of $100.00 per month alimony, and the sum of $50.00 per month child support for each of their three minor children.

Subsequent to this decree one of the children provided for under the support provision of the decree was married. In accord with this change of circumstances, the couple filed a written stipulation for a modification of the decree. On November 6, 1958, this modification was granted. It provided that support payments were to be $62.50 per month for David Vincent Cole, and the same amount for Nita Arline Cole, for a total of $125.00 per month.

On February 27, 1959, the court entered a minute entry giving defendant temporary custody of David Vincent Cole, which was followed by a minute entry dated June 15, 1959, changing this temporary custody to permanent custody. Defendant took physical custody of David pursuant to the minute entries. Neither of these minute entries was ever reduced to a written judgment.

On June 11, 1962, plaintiff filed an action to determine the amount of back alimony and support payments due, and an order to show cause why this sum should not be paid. The trial court held that defendant was required to pay only $162.50 from the date of the minute entry for permanent custody of David. Plaintiff's position is that the last judgment given, prior to the one appealed from, was a judgment of November 6, 1958, which ordered that she receive $62.50 per month per child. This entitled her to $125.00 per month in support payments, and the intervening minute entries do not affect this obligation. She claims the minute entry is of no legal effect because it was not reduced to a judgment as required by 16 A.R.S. rule 58(a) and therefore the 1958 judgment is controlling on the issue of the amount of support owed.

Plaintiff's second contention is even if the minute entry has the effect of transferring custody, she is still entitled to support payments of $125.00 per month because this entry did not modify the 1958 support order, nor is there any evidence that the

judge who granted this minute entry intended to alter the support order given in 1958.

In Bailey v. Superior Court, 97 Ariz. 293, 399 P.2d 907, this court held that a minute entry ordering a change of custody which had not been reduced to a written judgment in modification of a divorce decree was without legal effect. Therefore, the minute entry made by the court in the instant case did not have the effect of legally transferring the custody of David Vincent Cole to defendant; however, the facts show that plaintiff abided by the minute entry and permitted defendant to take actual custody of the boy for a period of time. The exact amount of time is not shown in the record.

■ As we have held, support payments are for the support and maintenance of the minor child, and plaintiff is attempting to collect for support and maintenance which she did not give. In the case of Crook v. Crook, 80 Ariz. 275, 296 P.2d 951, 58 A.L.R.2d 352, we stated:

"It should be remembered that the standards to be applied in this divorce proceeding are those of the equity court, since we have long recognized that such are considered equitable actions. Schwartz v. Durham, 52 Ariz. 256, 264, 80 P.2d 453; Wood v. Wood, 76 Ariz. 412, 418, 265 P.2d 778. The equities of natural justice in a given situation may turn a court of conscience away from the cold realm of technical legalism, whereby the court will not allow the prima facie wording of its decree to defeat the justice and propriety of an exemption from the duty therein imposed. We need not shut our eyes to the fact that this father's duty to support his child had terminated, though the decree on its face indicates otherwise. By the same reasoning that reaching majority expressly ended the obligation for support, so too, impliedly, did the emancipation by marriage. Davis v. Davis, supra [68 App. D.C. 240, 96 F.2d 512]." 80 Ariz. at 278, 296 P.2d at 952.

It would certainly be inequitable to allow plaintiff in the instant case to collect money for support of a child during the time defendant was actually supporting him.

■ While defendant was not complying with the decree in making the money payments to plaintiff, he was complying with the purpose of the decree in actually supporting the child during this period of time. It would therefore be inequitable to force him to pay twice for the support of the child. If defendant had custody of the child for only a short period of time, such as a vacation, the rule would of course be different, because in that instance plaintiff would have an overhead expense and her total expenses would be only slightly reduced. However, these were not the facts in the instant case, and we therefore hold that plaintiff can only recover for such period of time after the June 15, 1959, minute entry that she actually supported the child.

In the presentation of this case it is indicated that the mother now has, and for some time has had, the actual custody and support of the child. The principles of law as enumerated in Crook v. Crook, supra, are applicable here.

Plaintiff maintains that Crook v. Crook, supra, differs from the present case because in that case there was only one child and when that child was married all right to support ceased. The distinction is immaterial under the facts of the instant case, as the record shows the November 6, 1958, order specifically states the amount of support granted was $62.50 per month per child, for a total of $125.00 per month. The amount of support allotted for David Vincent Cole was specific, so when defendant undertook the direct duty of support and care of David on a permanent basis, the amount of support that plaintiff subsequently was entitled to was decreased by this specific amount. This is true even though defendant failed to have the 1958 decree modified by a legal judgment. Equity requires that this case be reversed for a determination of the length of time after the minute entry of June 15, 1959, that David lived with defendant, and that this period of

time be subtracted in computing the amounts due to plaintiff under the decree.

The judgment of the lower court is reversed, and the case remanded for further proceedings consistent with this decision.

BERNSTEIN, V. C. J., and UDALL, J., concur.