## 25642. FAUCETTE v. FAUCETTE.

FRANKUM, Justice. Carolyn Faucette applied to the Superior Court of Brooks County for a citation of contempt against Thomas J. Faucette for failure to pay alimony in accordance with a decree incorporating the terms of an agreement between the parties to a divorce action in which the defendant agreed to pay the plaintiff the sum of $400 per month out of which plaintiff was to support the three minor children of the parties. Petitioner claimed that defendant was in arrears in the amount of $2,400. Upon the trial of the case it was stipulated and agreed that the defendant had made certain payments on behalf of the plaintiff to third parties totaling $6,222.42, the plaintiff apparently contending that these payments were in the nature of gifts to her for which the defendant was not entitled to credit on the alimony. However, this position is untenable because the stipulation of facts also shows that she testified on cross examination as follows: " . . . that she had used the Standard Oil Company credit card in the sum of seventy-four and 63/100 ($74.63), she had charged to the husband fifty-one and 20/100 ($51.20)

in dry-cleaning bills, had the telephone company draw drafts against the husband for one hundred fifty-one ($151) dollars, that the husband had paid the difference for her to have a new car and had had a contract for the repair of the house mentioned in the decree; [that] she used this method because of his irregular payments of the support as decreed. . . ." The defendant offered testimony to the effect that he had made these payments pursuant to a contract with the plaintiff for credit on alimony. The trial court rejected this testimony basing its ruling on *Adams v. Adams,* 225 Ga. 375 (169 SE2d 160), and held the defendant in contempt ordering him to make payment of $1,400 by October 31, 1969, and thereafter to make regular payments of $400 each month as they become due plus $100 a month on back child support until $1,000 had been paid.

In so ruling, the trial court erred. The payments to or on behalf of the children in the *Adams* case were clearly voluntary payments made not to the mother to whom the alimony was due to have been paid or at her direction or request, but merely to the children or to third parties for the benefit of the children under circumstances indicating an intention to make gifts to them over and above the obligation to pay alimony. In this case, defendant's testimony at least shows that such payments were made pursuant to an express contract or agreement with the mother that such outside payments would be for credit on the alimony due.

The trial court erred in rejecting the husband's testimony, in refusing to consider the same in making its finding, and in holding him in contempt.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 14, 1970—DECIDED FEBRUARY 5, 1970.

*F. L. Forrester, Whitehurst & Cohen, A. J. Whitehurst,* for appellant.

*Edwards & Edwards, H. B. Edwards, Jr., H. B. Edwards, III,* for appellee.