26321. FRAZIER v. RAINEY.

SUBMITTED FEBRUARY 8, 1971—DECIDED MARCH 4, 1971.

*Scott Walters, Jr.,* for appellant.
*Max B. Asbell, Harvey & Willard, E. C. Harvey, Jr.,* for appellee.

GRICE, Justice. A former husband has appealed from a judgment dismissing his complaint which sought to enjoin his former wife from taking steps to collect child support payments she claims to be in arrears.

The complaint, filed in the Superior Court of Houston County by Clifford L. Frazier against Ivolene Frazier Rainey, alleged insofar as necessary to recite here the following: that the parties were divorced in 1958; that since the decree he had made his payments for the support and maintenance of their minor child in accordance with the former wife's instructions for disbursement rather than paying directly to her; that these expenditures exceeded the child support provisions of the decree; that she made demand upon him for stated amounts claimed as arrearage for the years 1958 through 1965 totaling $4,387.50; that he is not in arrears but that she states that she proposes to procure issuance of a fi. fa. and garnish his salary for said total amount; that a garnishment will cause his discharge from his employment and irreparably damage him; that he cannot obtain a bond to contest by affidavit of illegality the question of arrearage; that in the event he were

able to do so he would already be discharged from his employment upon service of the garnishment; that he has no complete and adequate remedy at law; that the child is now emancipated and the mother claims no arrearage for the last four or five years prior to emancipation. The prayers were for rule nisi and temporary and permanent injunction from seeking a fi. fa., garnishment or levy upon his property.

An amendment to the complaint alleged in substance as follows: that in 1958, 1959, 1960, 1961 and through the first half of 1965 he purchased for the child stated amounts of clothing, Christmas and other items, and also furnished certain amounts of cash; that all of these expenditures were at the express instructions of the mother that she wanted no payments from him but preferred for him to pay for the child's clothing and other items when she requested them; that the purchases were made from lists furnished to him by her; that although he skipped one year entirely his total expenditures through another year exceeded the amount of support accruing during the prior year; that he began paying the amount due under the decree in February, 1963 at her instructions; and that this was paid until the child was emancipated.

The trial court's order in substance dismissed the complaint for failure to state a claim upon which relief can be granted.

The appeal is from that judgment.

1. We have no difficulty in concluding that the amended complaint effectively pleaded that the husband was not in arrears of the child support payments required by the decree.

What allegedly took place here was not violative of the well established rule that, "The parents themselves cannot by subsequent agreement nullify or modify the final decree so as to deprive the children of the alimony granted by the verdict and decree," as held in such cases as *Corriher v. McElroy,* 209 Ga. 885 (1) (76 SE2d 782). See also, *Swain v. Wells,* 210 Ga. 394 (80 SE2d 321); *Hawkins v. Edge,* 218 Ga. 463 (128 SE2d 493). As to this the complaint was quite positive and unequivocal in alleging that the father was not in arrears and that the expenditures he made exceeded the support provisions of the decree. Thus, according to the allegations the child was not thereby deprived of her support.

In view of the pleaded facts, the father was entitled to credit

the expenditures that he claimed to have made. He alleged specifically that he "made his payments . . . in accordance with the instructions of [the mother] for disbursement rather than paying directly . . ." He also alleged positively that "all of these expenditures were at the express instructions of [the mother] that she wanted no cash from [the father] but simply wanted him to pay for the child's clothing and other items when she requested them. The purchases were made from lists furnished to [him] by [her] . . ."

The allegations here are similar in principle to the testimony in *Faucette v. Faucette,* 226 Ga. 127, 128 (172 SE2d 665). There the wife used the husband's credit cards, charged other sums to him for payment of dry cleaning, telephone, home repairs and payment on a new automobile. This court said that the testimony "at least shows that such payments were made pursuant to an express contract or agreement with the [wife] that such outside payments would be for credit on the alimony due." The *Faucette* case, supra, is controlling here in this respect.

2. Also, we regard as sufficient the allegations entitling the father to equitable relief.

In this connection he alleged his former wife's statement as to issuance of a fi. fa. and garnishment of his salary, his discharge from employment upon service of garnishment and his inability to obtain bond in order to litigate the question of arrearages. He then made the allegation that he "has no complete and adequate remedy at law and seeks the aid of equity."

From the allegations of the complaint it does not appear to a certainty that the appellant would *not* be entitled to relief under any state of facts which could be proved in support of the claim. Within the framework of the pleadings evidence may be introduced to sustain the grant of equitable relief to the plaintiff father.

3. In our view, the foregoing holdings are in keeping with the rules of construction and pleading which have evolved from the Civil Practice Act (Ga. L. 1966, p. 609; *Code Ann.* § 81A-108).

In this respect we point to the following decisions from this court: *Martin v. Approved Bancredit Corp.,* 224 Ga. 550, 551 (163 SE2d 885); *Bourn v. Herring,* 225 Ga. 67, 70 (166 SE2d 89); *Mc-*

*Kinnon v. Neugent,* 225 Ga. 215, 217 (167 SE2d 593); *Residential Developments, Inc. v. Mann,* 225 Ga. 393, 397 (169 SE2d 305); *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695); *DeKalb County v. Georgia Paperstock Co.,* 226 Ga. 369, 370 (174 SE2d 884); *Furney v. Dukes,* 226 Ga. 804 (2) (177 SE2d 680).

Therefore, the former husband's complaint sets forth a claim upon which relief can be granted.

*Judgment reversed. All the Justices concur.*