Alfred M. Lama, J.
The matter before the court concerns itself with the nonpayment, of alimony to. plaintiff wife pursuant to.a separation agreement dated July 1,1965.
The plaintiff had commenced two actions for báek alimony, one covering the period from November 15,1972 to September 15,
1973 and the second covering a period from .October 15, 1973 to March 16, 1974. Both actions w-ere' consolidated by prior motions of plaintiff and at the commencement of trial counsel stipulated to allow both actions to cover two 12-month periods commencing with November 15, 1972 and ending with October 15,1974 with an ad damnum of $4,800 on each action for a total of $9,600.
*477 The separation agreement between the parties provided for custody in the wife and for the payment of $100 per month by the husband to the wife for the support of each of the three children of the marriage. In a following and separate paragraph the agreement also provides for the payment of the sum of $100'per month to the wife and uipon the youngest child reaching, his majority or emancipation the sum. of $200 a month to her.
In October of 1972 the two oldest children took up residence with the father and in a subsequent custody ease the parties entered into a stipulation agreement to permit the two .children to reside with the father for as long as they chose with legal custody still in the mother.
The third and youngest child of the parties went to live with the father in October of 1973 without benefit of a court order.
There- is no dispute that payments were not made to the plaintiff pursuant to the separation agreement since November of 1972. The defendant husband, however, pleads payment as a defense to the action in that he made extra payments of money to the plaintiff during the years 1970, 1971 and 1972 in the form of advances at his wife’s specific instance and request. Further, it is the defendant’s position that no moneys were due the Wife for maintenance and support of the two children while they were living with him. He also, claims that his wife is not entitled to any support for the youngest child from October of 1973..
The plaintiff maintains that the extra moneys she received from her husband were in fact moneys he voluntarily sent her for extras so that the children could “live a little better.” She argues that she has a contractual right to the support money during the time that the children resided with their father since the stipulation in the. habeas corpus proceeding confined itself strictly to the residency of the two oldest children and specifically eliminated aiiy determination as to' the support provisions of the separation' agreement.
It is generally held that a father is not entitled to any credit against support payments, to a wife merely because the children, of whom the wife has custody, did not reside with her. In Denberg v. Frischman (26 A D 2d 266, mot. dsmd. 19 N Y 2d 595) the Appellate Division held that strong public policy warranted recovery by the wife as a safeguard against the husband influencing the children to stay away. That case cited as precedent for this holding Nichols v. Nichols (306 N. Y. 490) and Olmstead v. Olmstead (24 A D 2d 605, affd. 18 N Y 2d 652).
In order to preserve the public policy and to avoid a windfall situation to a wife the courts have gone as far as to direct that *478 a payment dne for the support of a child be placed in trust for the benefit of that child where the wife has not expended any amounts for his support (Craig v. Craig, 24 A D 2d 588).
However, several jurisdictions have allowed a father credit against past due child support where the circumstances are such that it would be inequitable not to allow it (Ann. 47 ALR 3d 1031; Child Support — Right to Support, § 4, p. 1041, citing Headley v. Headley, 227 Ala. 464; Steckler v. Steckler, 293 S. W. 2d 129 [Mo.]; Openshaw v. Openshaw, 86 Utah 229; Martin v. Martin, 59 Wash. 2d 468).
Where a separation agreement makes a unitary and unallocated provision for the support of the wife and children, the court will not apportion the support between the wife and the children or reduce the husband’s obligation by reason of the fact that the wife is not supporting the children (Nichols v. Nichols, 306 N. Y. 490, supra; Cogswell v. Cogswell, 130 Misc. 541). But, where the separation agreement contains an express allocation between the wife and the children for support payments, the husband may set up as a defense in an action for arrears by his wife the amount that he has directly expended for the support of the children. (Mintz v. Mintz, 5 Misc 2d 542.)
In Kocourek v. Kocourek (1 A D 2d 868) which comes near to the case at hand, the Supreme Court refused to hold a defendant in contempt of court for failure to make child support payments. The plaintiff wife had legal custody of the children but they had lived with their father, the defendant, for almost six years. During that period the plaintiff had made no attempt to regain actual custody of the children or collect any money while the defendant father actually supported and maintained the children in his own home. The Appellate Division, Third Department, affirmed.
Tn the case before the court, the plaintiff wife has actually consented to her two children living with her husband. The husband has supported, maintained and arranged for the education of the two children during their stay with him. The plaintiff wife obviously has no need of support moneys for them. Certainly in this instance public policy cannot be affronted.
The circumstances surrounding the departure of the third child to the father’s home in October of 1973 are somewhat obscure. However, the father has supported and maintained this child since his residency at the father’s home, and there is nothing in the testimony of the case to indicate that the father did anything improper to cajole the child to live with him. Nor, *479 for that matter, is there any evidence before the court to indicate that the plaintiff mother seeks the return of her youngest child. Here, too, it is the court’s feeling that the father should be allowed a credit for the moneys he expended in support of this child.
It is the court’s determination that the defendant father be given a full credit of $100 each for the two children while they were in residency with him from November 15, 1972 to October 15,1974 and for the third child from October 15, 1973 to October 15,1974. Pursuant to paragraphs fourth and fifth of the separation agreement the plaintiff wife is then entitled to a payment of $200 a month while the two children were with her husband. However, paragraph fifth clearly states that in no event except for the remarriage or death of the wife, or the death of the husband was the monthly payment to be less than $200. This would nullify any credit the husband would seek for the support of his youngest child. The plaintiff wife, then, is entitled to support payments totaling $4,800 for the 24-month period.
The court now turns to the question of the husband’s defense of payment. In considering the testimony of both parties and the explanations given by the litigants concerning certain checks drawn by the husband, the court concludes that the defendant husband advanced to the plaintiff the total sum of $8,200 at her instance and request for support.
Therefore, the plaintiff shall have a judgment against the defendant for the sum of $1,600 plus interest from October 15, 1974 with costs.