## HOWARD LEON WHITE, SR. *v.* KAY FRANCES WHITE

[No. 458, September Term, 1976.]

*Decided February 4, 1977.*

The cause was argued before THOMPSON, LOWE and MELVIN, JJ.

*R. Richard Donadio* for appellant.

*David Blum*, with whom was *Sidney Blum* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Howard Leon White, the appellant, on a petition by his wife for contempt, was ordered to pay $1400.00 for arrearages in child support payments pursuant to a previous divorce decree by the Circuit Court for Baltimore County. The court, on the husband's petition, modified the decree of divorce by transferring custody of three of the minor children to the appellant and voided appellant's obligation to make any future child support payments. The parties were ordered to pay their own counsel fees. On this appeal, Mr. White contends that the chancellor erred in his award of the money judgment and should have awarded him child support from the wife and reasonable counsel fees.

On October 18, 1974, a decree of divorce awarded Mrs. White a divorce *a vinculo matrimonii*, custody of the parties' five minor children, and $50.00 per week child support. There was no breakdown in the support ordered for each child, but the children were named. Shortly after the decree, Lisa White, one of the minor children, went to live with the appellant. In September of 1975 April and Gregory White moved in with their father. In October of 1975 Howard Leon White, Jr. reached his majority. While Howard, Jr. continued to live with the appellee, as of that date, Charles Jeffrey White was the only minor child still residing with Mrs. White.

At the hearing on these petitions there was testimony that as of November of 1975, when the petition for contempt was filed, Mr. White was $340.00 in arrears. On the date of the hearing he owed a balance of $1400.00. The appellant testified that he stopped paying support because he had three of the minor children living with him, while the appellee only had one living with her. He did make several payments of $10.00 for the support of the one minor child living with the appellee, but gave no reason why these payments were not continued.

The appellant's net income is $143.00 per week and his expenses are said to be approximately $714.50 per month. The appellee's net income is $156.50 per week and her expenses are said to be approximately $738.00 per month. The appellant had a bank account from an inheritance of $3000.00.

The question of whether a husband should be given credit for expenditures for the period during which he had *de facto* custody has been discussed several times by the Court of Appeals. In *Bradford v. Futrell*, 225 Md. 512, 171 A. 2d 493 (1961), the Court recited the two schools of thought:

> "There is considerable conflict among the cases as to whether *any* credit can be given for expenditures made by the father on behalf of his children other than as provided by the decree. One line of decisions is to the effect that since the obligation of the father has been fixed by the decree, it cannot be satisfied except by strict compliance with its terms, and the proper remedy for the father, if any remedy is called for, is a motion to modify the decree. A father may not himself determine the method of payment or to whom payment should be made. See, for example, *Cotton v. Wright*, 190 So. 665 (La. 1939); *Campbell v. Campbell*, 4 S.W.2d 1112 (Ky. 1928); *Bradley v. Fowler*, 192 P. 2d 969 (Wash. 1948); *Roberts v. Roberts*, 226 S.W.2d 579 (Ark. 1950).

> "Somewhat opposed to this view are decisions holding that where 'compulsion of circumstances' makes necessary the direct expenditures by the husband, he will be given credit when the expenditures constitute 'substantial compliance with the spirit and intent of the decree'. *Jackson v. Jackson*, 209 S.W.2d 79 (Ky. 1948); *Schlom v. Schlom*, 115 So. 197 (Miss. 1928); *Mooty v. Mooty*, 179 So. 155 (Fla. 1938); *Mason v. Mason*, 34 P. 2d 328 (Ore. 1934). There appears to be no general rule as to when the circumstances will demand crediting the husband, but the

result seems to depend in many cases on the finding of some express or implied consent of the mother to a mode of payment other than · that called for in the decree. In this regard, see *Briggs v. Briggs*, 165 P. 2d 772 (Ore. 1946).

"In the absence of some finding of consent by the mother, most courts refuse to allow a husband to dictate how he will meet the requirements for support payments when the mode of payment is fixed by a decree of court. Thus he will not be credited for payments made when he unnecessarily interposed himself as a volunteer and made payments direct to the children of his own accord. *Wills v. Baker*, 214 S.W.2d 748 (Mo. 1948); *Openshaw v. Openshaw*, 42 P. 2d 191 (Utah 1935)." *Id.* at 518-519.

In *Stewart v. Stewart*, 256 Md. 272, 260 A. 2d 71 (1969), the wife was awarded a divorce *a vinculo matrimonii*. The husband was ordered to pay arrearages determined to be due under a prior order for alimony *pendente lite* and child support. The Court refused to allow credit for the time three children lived with the father pending divorce litigation. While the finding in that case seemed to follow the doctrine of strict compliance with the terms of the decree, the facts showed that the wife did not voluntarily give up actual custody of the children, but was forced out of the home and ordered to stay away.

In *Coffman v. Hayes*, 259 Md. 708, 270 A. 2d 808 (1970), the Court reviewed the prior cases and determined that a "compulsion of circumstances" coupled with express or implied consent on the part of the mother to a mode of payment other than that prescribed in a decree may serve as a basis for giving credit to the father for the period of time that he actually cared for the children.

Under the facts of the case at bar, we find that the chancellor was clearly erroneous in not giving credit to Mr. White for the direct support he gave to the three children in his physical custody and under his actual care. The evidence shows that it was not a unilateral act on the part of Mr.

White which brought the three children to his home but discord between Mrs. White and the children. The record shows no disagreement by Mrs. White to this arrangement. In the opening argument counsel for Mrs. White stated she had no objections to the change in legal custody if the children agreed. The children did agree. We find that Mrs. White impliedly consented to a mode of payment other than money for the support of the three children and the appellant should receive credit for this time, there being sufficient "compulsion of circumstances" for Mr. White to make direct expenditures when the children of their own accord moved into his home.

The chancellor determined, after considering the financial positions of the two parties, that neither party should be responsible to the other for future child support and they should pay their own counsel fees. We see no error in these determinations.

It appears from the record the appellant has made all payments required of him to approximately October 1, 1975, at which time three of the four children were living with him. The record shows no change in the income of the parties after that date. We will affirm the decree except for the money judgment.

> *Decree modified by striking out the $1400 award to appellee, and as modified affirmed.*
> *The parties to pay their own costs.*