Gary L. McNEAL, Appellant,

v.

Sheryl A. ROBINSON, formerly Sheryl
A. McNeal, Appellee.

No. 53721.

Supreme Court of Oklahoma.

April 21, 1981.

Philip Holmes, Oklahoma City, for appellant.

Warren L. Griffin and Bob Savage, Midwest City, for appellee.

DOOLIN, Justice:

The question of first impression for us presented by this case is: should a father, ordered to pay $150.00 per month child support, be allowed a credit against an arrearage in child support for the time when the children were living with him, although the original divorce decree had not been modified?

Sheryl Robinson (appellee) and Gary McNeal (appellant) were divorced in 1973, and Sheryl was awarded custody of the couple's two minor children, Denise and Dennis. Gary was ordered to pay $75.00 per child per month in child support.

Gary was current in his payments until January 1977 when Dennis moved in with Gary, who then reduced his payments to $75.00 per month. In April of 1977, Denise moved in with Gary, and he stopped all child support payments.

Denise moved back with Sheryl in November 1978, and Gary resumed child support payments of $75.00 per month. Overall Denise lived with Gary for 19 months, and Dennis lived with Gary for 23 months.

Sheryl then filed an application to modify the divorce decree to increase child support, and also sought a citation for contempt of court for the arrearage. Gary also sought modification of the decree to retroactively decrease the child support and sought permanent custody of the children.

The trial court granted Gary custody of Dennis, found him innocent of contempt, but ordered him to pay all the arrearage, which totaled $3,440.00, denying him credit for the time the children lived with him. The trial court also increased the child support payment for Denise to $150.00 per month.

The existing law in Oklahoma is that there can be no retroactive modification of a divorce decree by agreement between the parties without court approval.[1] Gary asserts that this is not a retroactive modification of the decree, but merely an allowance of credit for payments he made to support the children while they were living with him. However, whether this is characterized as a retroactive modification or an allowance of credit, the end result will remain the same—either the father is forced to make additional payments to the children's mother or he is not. We cannot agree with Gary's characterization of the situation as an automatic allowance of credit.

Many states agree with the Oklahoma position; however many states are beginning to alter the absolute rule against retroactive modification. These states permit the father to be allowed credit against child support arrearages for expenses accrued an a result of his custody of the child, or for other voluntary expenditures made on behalf of the child, if equity would so dictate under the particular circumstances, provided the allowance of credit would not do an injustice to the mother.[2]

Some courts have held that equity will allow the father credit against child support payments for voluntary expenditures made on behalf of the child where such payments

1. *Craig v. Collins*, 285 P.2d 859 (Okl.1955).

2. *Headley v. Headley*, 277 Ala. 464, 172 So.2d 29 (1964); *Cole v. Cole*, 101 Ariz. 382, 420 P.2d 167 (1966); *Stemme v. Stemme*, 351 S.W.2d 823 (Mo.App.1961); *Briggs v. Briggs*, 178 Or. 193, 165 P.2d 772 (1946); *Martin v. Martin*, 59 Wash.2d 468, 368 P.2d 170 (1962); *Campbell v. Campbell*, 209 Ky. 571, 273 S.W. 26 (1925); *Raczynski v. Raczynski*, 558 P.2d 425 (Okl. App.1976), Cert. denied November 30, 1976; also see 47 A.L.R.3rd 1031.

were made under a "compulsion of circumstances."[3]

Some jurisdictions permit credit where the mother consented to the father's voluntary expenditures as an alternate manner of satisfying his child support obligations.[4]

The original absolute rule against retroactive modification should admit of some qualification. The original rule was formulated when the rate of divorce was fairly low, but with the rate increasing rapidly, multiplying the numerous problems concerning the children of these divorced families, a rule which gives the trial court some flexibility in solving these problems is far superior to the prior rigid rule.

■ The payor parent will still not automatically be allowed as a matter of law credit for any expenditures made in a manner other than that specified by the divorce decree, but credit may be allowed for period during which obligor, with obligee's consent and acquiescence, kept the children in his own charge.

■ In the case at bar, the equities would permit Gary to receive credit for the payments made by him during the time his children lived with him. Because child support payments are for the benefit of the children, rather than the custodial parent, it would be inequitable to effectively force Gary to pay twice for their support. Additionally, the circumstances in this case would support a finding of express or implied consent of the mother regarding the payments, since she made no complaint for at least 1½ years.

■ Review of the evidence and facts in this case shows no ongoing child expenses in anticipation of Sheryl getting the children back, for which obligor should reimburse her.

■ If obligee could have proved she had reasonably incurred ongoing "child maintenance" expenses in anticipation of continuing custody of the children, such obligee may be entitled to reimbursement of these expenses up to the amount of child support provided for in the divorce decree.

We do not mean to intimate that Gary could have offset expenses he incurred above the $75.00 per child per month child support against Sheryl's child maintenance expenses.

REVERSED AS TO ARREARAGE; AFFIRMED AS TO CONTEMPT.

IRWIN, C. J., BARNES, V. C. J., and WILLIAMS, HODGES, LAVENDER, HARGRAVE and OPALA, JJ., concur.

SIMMS, J., dissents.

SIMMS, Justice, dissenting:

I respectfully dissent. While I recognize that this father's situation places him in a sympathetic light, I cannot join with the majority's creation of a rule allowing a credit against unpaid child support payments. First, I am not convinced that adopting any inroad into our previously absolute rule against retroactive modification would be wise, even in a proper case. Second, this is not a proper case for adopting such an exception. Additionally, I am afraid that this decision does not provide adequate guidelines and standards for its implementation for trial judges, attorneys, and divorced parties.

It is true that some states have allowed credit against unpaid support. Those decisions, however, are based on one of two initial criteria: either the custodial parent has agreed, explicitly or implicitly, to payment in a mode other thank that provided in the decree [1]; or a "compulsion of circum-

**3.** *Headley v. Headley*, 277 Ala. 464, 172 So.2d 29 (1964); *Jackson v. Jackson*, 306 Ky. 715, 209 S.W.2d 79 (1948); *McCrady v. Mahon*, 119 N.H. 247, 400 A.2d 1173 (1979); *White v. White*, 34 Md.App. 635, 368 A.2d 1061 (1977).

**4.** *Souran v. Souran*, 80 Misc.2d 476, 363 N.Y. S.2d 511 (1975); *Tescher v. Tescher*, 491 P.2d 82 (Colo.App.1971); *Frazier v. Rainey*, 227 Ga.

350, 180 S.E.2d 725 (1971); *Gould v. Awapara*, 365 S.W.2d 671 (Tex.Civ.App.1963).

**1.** *Headley v. Headley*, Ala., 172 So.2d 29 (1964); *Gould v. Awapara*, Tex.Civ.App., 365 S.W.2d 671 (1963); *Frazier v. Rainey*, 227 Ga. 350, 180 S.E.2d 725 (1971).

stances" has been found to justify an alternate mode of payment which substantially complied with the spirit and intent of the decree.[2]

Neither prerequisite is present in this case. There was no compulsion of circumstances here, nor is anything before us which affirmatively shows that the mother consented, either expressly or implicitly, to the custodial or support changes.

The majority hinges its finding of the mother's implied consent to failure to pay support, solely upon the period of time which elapsed before she filed this action for contempt. This is not an acceptable basis for a finding of consent to an antecedent failure to pay support in general,[3] nor is it even an accurate reflection of the facts in this case as the mother contends that she relied on father's repeated assurances that he would pay.

It is a settled rule in Oklahoma that an action for the recovery of unpaid installments for child support is one for a debt created at law and evidenced of record.[4]

I believe that most problems inherent in a system which allows a party under a court order to decide for himself whether he will comply with the terms of that decree, are obvious. This process is complicated even more by the fact that the courts which will review his decision to disobey, will assess the situation on equitable considerations.

Equity, after all, is in the eye of the beholder. For that reason I urge attorneys to advise their clients to proceed cautiously in matters concerning custody and support. The majority's exception to the rule against retroactive modification is not fully developed; it will be refined and altered through the coming years. The grist for that refinement process will be those who do not seek a prospective judicial modification of their decrees, and instead simply do not comply with them.

Those who might be tempted to rely on this decision to excuse their non-compliance and hope to receive retroactive "credit" for expenditures other than those allowed in this precise factual situation, must understand that if their idea of equity is not shared by the Court, they may be risking more than the ultimate responsibility for unpaid installments or a finding of contempt. We have a statute, 10 O.S.Supp. 1980, § 60.6, which provides that where a parent has wilfully failed, refused, or neglected to contribute to the support of his child "as provided in the decree of divorce" for one year, it is not necessary to terminate his parental rights prior to the adoption of his child. This statute has been very strictly applied by this Court.[5]

In conclusion, I am persuaded by the following from *Bradley v. Fowler*, 30 Wash.2d 609, 192 P.2d 969 (1948):

"We appreciate that it might be argued that it is not equitable to require respondent to pay support money to appellant for the time the children were in his custody, and that, this proceeding being one of an equitable nature, the court was justified in allowing to respondent a credit of one hundred twenty-five dollars against the amount he was required to pay. However, we are of the opinion that even a court of equity, in an effort to do equity, cannot disregard the provisions of a lawful decree, nor is such a

---

**2.** *Jackson v. Jackson*, 306 Ky. 715, 209 S.W.2d 79 (1948); *Schlom v. Schlom*, 149 Miss. 111, 115 So. 197 (1928).

There is some danger that the majority's statement concerning allowance of credit against arrearages if equity would so dictate provided it "would not do an injustice to the mother" may be misinterpreted. That is not a separate criterion independent of consent or a compulsion of circumstances as discussed above, and none of the authorities cited in the majority's n.2 so indicate. Injustice to the mother is instead an additional factor to consider after a finding of consent or compulsion of circumstances.

**3.** See, e.g., *Baures v. Baures*, 13 Ariz.App. 515, 478 P.2d 130, 47 A.L.R.3d 1024 (1971); *Reynolds v. Reynolds*, 192 Okl. 564, 137 P.2d 914 (1943).

**4.** *Wade v. Wade*, Okl., 570 P.2d 337 (1977); *Reynolds v. Reynolds*, 192 Okl. 564, 137 P.2d 914 (1943).

**5.** *Matter of Adoption of E.S.P.*, Okl., 584 P.2d 209 (1978).

court justified in offsetting against payments required to be made under such a decree voluntary payments made for medical attention and clothing furnished children, as was done in this case. If, under such a decree as we have here before us, the father could refuse to make the payments required of him, and in an attempt to justify such refusal show that he had expended certain sums of money on his children while they were with him, it is evident there would be continuous trouble and turmoil. If a party to such a decree is not satisfied with its provisions relative to the custody of the children, or payments required to be made for their support, such party may always come into court and ask for a modification of the decree."

I believe that the only proper "equitable" determination in this matter has already been made and decided correctly by the trial court; that under these facts, the father was not in contempt of court.