2007 OK CIV APP 122

**Michael WATKINS, Plaintiff/Appellant,**

**v.**

**Ruth WATKINS, Defendant/Appellee.**

**No. 103,069.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 14, 2007.

Joseph R. Farris, Feldman, Franden, Woodard, Farris & Boudreaux, Tulsa, OK, for Plaintiff/Appellant.

Kort A. BeSore, Katherine D. Hanig, Harris, Mcmahan, Peters, Thompson & Stall, P.C., Tulsa, OK, for Defendant/Appellee.

JOHN F. FISCHER, Presiding Judge.

¶ 1 Michael Watkins (Husband) appeals from the Trial Court's judgment awarding the balance due his former wife Ruth Watkins (Wife) pursuant to his obligations in their divorce decree. Based on our review of the record on appeal and applicable law, we affirm in part and reverse in part.

## BACKGROUND FACTS

¶ 2 Husband and Wife were divorced in 2000. The Journal Entry of Judgment (Divorce Decree) setting forth the terms of their divorce was filed on June 20, 2000. Thereafter, Husband made various payments to Wife as required by the Divorce Decree. Husband also made certain payments on her behalf directly to third parties, which he offset against the property settlement portion of the Divorce Decree. Wife filed an Application for Citation of Contempt on December 21, 2004. The Trial Court found Husband in contempt for nonpayment of the amounts required by the Divorce Decree and set the matter for trial.

¶ 3 Husband defended his nonpayment based on an alleged oral agreement with Wife to make certain payments on her behalf for which he would receive credit against the amount owed. Wife admitted the agreement with respect to her mortgage payments and the first year of private school tuition for their eldest child but denied any agreement that Husband could reduce the amount owed pursuant to the Divorce Decree in any other respect. The Trial Court found conflicting evidence regarding the existence of an oral agreement to credit Husband for any payments to third parties beyond those that Wife admitted, determined the balance owed pursuant to the Divorce Decree and entered judgment in favor of Wife for that amount. Husband appeals.

## STANDARD OF REVIEW

¶ 4 This action is one of equitable cognizance. *Teel v. Teel*, 1988 OK 151, ¶ 7, 766 P.2d 994, 998. This Court will not disturb the Trial Court's judgment absent an abuse of discretion, or a finding that the decision is clearly contrary to the weight of the evidence. *Id.* (footnote omitted).

## DISCUSSION

¶ 5 Husband claims that the Trial Court improperly refused to credit certain expenses paid by him to third parties against his obligations to Wife pursuant to the Divorce Decree. He contends that he is entitled to the credits because, after the decree was filed, he and Wife orally agreed he could deduct these expenses from the amount he owed pursuant to the property settlement in the Divorce Decree. Husband did not ask the Trial Court to modify the decree based on these oral agreements. Wife's version of these "agreements" is dramatically different from Husband's.

¶ 6 In this appeal, Husband's evidence addresses four categories of expenses. First, Husband contends that he agreed to pay the children's private school tuition only because Wife agreed he could deduct one half of that amount from the payments he was obligated to pay her pursuant to the Divorce

Decree. Wife testified that she told Husband that although she thought it would be beneficial for the children to attend private school, she could not afford it. Therefore, if Husband was unwilling to pay the tuition, the children would have to attend public school. Wife supported her position with the testimony of a third party. Wife also testified that she agreed that Husband could use her part of their 2001 tax refund to pay the first year's tuition but specifically denied the agreement asserted by Husband. Wife did not seek the amount of the tax refund in her contempt application. The Trial Court's conclusion that the agreement asserted by Husband did not exist is not against the clear weight of the evidence. The Trial Court's Judgment, in this respect, is affirmed.

¶ 7 Second, Husband testified to a similar agreement regarding the children's medical expenses. He claimed credit for one half of those expenses, representing the portion of the expenses he contends he paid on behalf of Wife pursuant to her agreement. Wife denied any such agreement, and the Trial Court's conclusion that no such agreement existed is not against the clear weight of the evidence. Nonetheless, the Divorce Decree provides that Wife is to pay twelve percent of the children's medical expenses. The Divorce Decree has not been modified and neither party has sought modification of the Divorce Decree in this respect. Wife's briefing to this Court concedes in essence, that Husband should be credited with twelve percent of these expenses pursuant to the terms of the Divorce Decree "in effect at all times material to the issues presented in this case." Consequently, the Trial Court erred in refusing to credit Husband with twelve percent of the children's medical expenses. The Trial Court's order is reversed to that extent and remanded for a determination of the proper amount of credit due to Husband.

¶ 8 The third category of expenses relates to premiums Husband paid for Wife's health insurance. Husband testified that he was not required to pay these premiums pursuant to the Divorce Decree and, according to an agreement with Wife, was entitled to a credit for the amount paid. Wife testified that Husband paid these premiums and that she received the benefit of the policy. She was not questioned at trial regarding whether she agreed that Husband could deduct the amount of the premiums from the amount he owed pursuant to the Divorce Decree. The only evidence in the record regarding the existence of this agreement is Husband's testimony, which is unopposed. Therefore, the Trial Court's conclusion that no agreement existed is against the clear weight of the evidence. The Trial Court's order is reversed to that extent and remanded for a determination of the proper amount of credit due to Husband for these premiums.

¶ 9 The final category of expenses involves utility bills paid by Husband after Wife sold the home awarded to her in the property settlement. It is undisputed that these bills were Wife's personal expenses. The bills were in Husband's name because the accounts were established prior to the parties' divorce. Husband paid them after being contacted by bill collectors. The Trial Court denied Husband credit without explanation.

¶ 10 In *Jackson v. Jackson*, 306 Ky. 715, 209 S.W.2d 79 (1948), cited by the parties, the court found that payments made pursuant to a "compulsion of circumstances" could justify reducing a party's obligation pursuant to a divorce decree. In *Jackson*, the husband paid tuition for a private school, in which his child had been enrolled without his knowledge, to prevent the child from losing credits earned while attending the school. The parties herein have not cited, and we have not found, any Oklahoma case adopting this position. Nonetheless, we find this reasoning persuasive and consistent with the equitable principles applicable in divorce proceedings. The Trial Court's order refusing to credit husband for the amount paid is reversed and remanded for a determination of the proper amount of credit due to Husband for these bills.

¶ 11 In addition to the factual arguments raised by Husband regarding the alleged agreements, he asserts three legal arguments in this appeal. Because of our disposition of the claimed credit for Wife's health insurance premiums and utility bills, we need only address these arguments to the extent

they concern the children's private school tuition and medical expenses.

¶ 12 Husband argues that the Trial Court erred in failing to find an implied-in-fact contract regarding his entitlement to credit for the tuition.[1] He relies on 15 O.S. 2001 § 75 (voluntary acceptance of benefits is equivalent to consent), 15 O.S.2001 § 133 (implied contracts are manifest by conduct) and related authorities.

¶ 13 Husband's testimony with respect to an express agreement with Wife regarding this tuition credit is antithetical to contracts implied in fact. Only when the consent of the potentially contracting parties is not apparent is it necessary for a court to review their conduct and determine their intention. *Ray F. Fischer Co. v. Loeffler–Green Supply Co.*, 1955 OK 234, ¶ 0, 289 P.2d 139 (Syllabus 1)(holding that a contract implied in fact arises where the intent of the parties is not expressed). Husband presented evidence of an agreement regarding the tuition credit to the Trial Court. Wife directly contradicted this evidence. Husband did not persuade the Trial Court that the parties agreed to the tuition credit. That failure does not, however, automatically invoke the implied-in-fact doctrine. That doctrine applies only when there is no evidence from which to determine if the parties had an express agreement, compelling the court to resort to their conduct to determine intent. Rather than the absence of evidence as to whether these parties consented to the tuition credit, the record shows that the parties did not agree to that credit.

¶ 14 Nonetheless, considering the implied-in-fact issue, Husband has failed to show what benefit Wife voluntarily accepted that would invoke section 75 and justify imposition of a contract in the absence of their agreement. Certainly, it was not to Wife's benefit to allow Husband credit for thirty-eight percent of the children's medical expenses, which he was obligated by the Divorce Decree to pay. There obviously is mutual benefit to be derived from the education of the parties' children, but, given the

divergent testimony on this point, this record does not contain evidence sufficient to support imposition of a tuition credit contract expressly contrary to Wife's testimony. In fact, it is equally arguable that, because Husband accepted the benefit of Wife's suggestion and consent to enroll the children in private school, a contract could be implied, the terms of which are consistent with Wife's version of their agreement, *i.e.*, that Husband would pay the tuition, an agreement on which Wife relied while the tuition obligation was being incurred.

¶ 15 Husband next argues that Wife should be estopped from denying the existence of the credit agreements because that position is inconsistent with her previous agreement. Clearly, the authorities regarding equitable estoppel cited by Husband require proof of a prior inconsistent position. *See Merritt v. Merritt*, 2003 OK 68, ¶ 15, 73 P.3d 878, 884 (noting that equitable estoppel is employed to prevent one party from taking a legal position inconsistent with a prior action). The Trial Court's determination that Wife did not agree to the credit precludes Husband from proving an essential element of this defense. As discussed, the Trial Court's finding that the Wife did not agree to the tuition or medical expense credits is not against the clear weight of the evidence.

¶ 16 Husband's final argument, that Wife knowingly waived her rights to the payments required by the Divorce Decree, is equally unpersuasive. Absent proof of an agreement, this defense fails for the same reason discussed in the previous paragraph. Furthermore, Wife testified that she was unaware of the credits taken by Husband until discovery was completed in this proceeding. Even the authorities relied on by Husband require proof that a party knowingly and intentionally waived the right at issue. Husband's reliance on Wife's delay in filing the contempt proceeding as evidence of waiver is, therefore, not supported by the record.

¶ 17 Our disposition of Husband's arguments in this appeal makes it unnecessary to discuss the issues raised by Wife, with one

---

1. Husband does not rely on an implied in law or quasi contract, which is imposed without regard to the intent of the parties. *First Nat'l Bank v. Matlock*, 1924 OK 239, 226 P. 328.

exception that concerns the appellate jurisdiction of this Court. Wife argues that this appeal is premature because the Trial Court did not address the punishment phase of this contempt proceeding. She, therefore, questions the finality of the order appealed. Absent a judgment or final order, this Court lacks jurisdiction to review a decision of the trial court. Okla. Sup.Ct. R. 1.20, 12 O.S. 2001, ch. 15, app. 1.

¶ 18 Although Wife could have filed a motion to enforce the Divorce Decree, she chose to proceed by application for indirect civil contempt. *Sommer v. Sommer*, 1997 OK 123, 947 P.2d 512. Contempt proceedings are unique and exclusively governed by statute in Oklahoma. *Henry v. Schmidt*, 2004 OK 34, ¶ 11, 91 P.3d 651, 654. "The punishment for indirect contempt may be remedial to coerce the defendant's behavior, or it may be penal to punish the defendant." *Id.* at ¶ 13, 91 P.3d at 654. There is nothing in the Trial Court's Journal Entry of Judgment from which Husband appeals that reserves any issue or purports to decide less than all of the issues before the Court. The Pretrial Order does not identify, as a separate issue, the punishment appropriate if Husband was found guilty of contempt. At trial and in this appeal, Husband prevailed on some issues in his defense of the contempt citation. By reducing the balance due pursuant to the Divorce Decree to judgment, the Trial Court apparently chose remedial measures to grant the substance of the relief sought by Wife. Wife has cited no authority for the proposition that a trial court must fine or imprison every defendant found guilty of contempt. *Cf. Wells v. Wells*, 1915 OK 211, ¶ 9, 148 P. 723, 724 (citing with approval *Gompers v. Buck's Stove & Range Co.*, 221

U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911), in which the United States Supreme Court wrote that the punishment in civil contempt proceedings is remedial and for the benefit of the complainant); 12 O.S.2001 § 565.1 (giving the court discretion to punish or impose some other sanction on those guilty of indirect contempt).

## CONCLUSION

¶ 19 We affirm the judgment of the Trial Court to the extent that it found no agreement between Husband and Wife to credit any amounts paid by Husband for the children's tuition or medical expenses against amounts owed by Husband pursuant to the Divorce Decree other than the 2001 tax refund, which the parties agree the Husband could apply to the first year's private school tuition. However, we reverse the Trial Court's judgment to the extent it denied Husband credit for amounts paid for Wife's twelve per cent obligation to pay children's medical expenses required by the Divorce Decree and for Wife's health insurance premiums and personal utility bills. We remand the case for further proceedings consistent with this opinion.

¶ 20 **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

RAPP, C.J., and WISEMAN, J., concur.