2009 OK CIV APP 77

**Victor Dewayne BRYAN, Petitioner/Appellee,**

v.

**Annette BRYAN, Respondent/Appellant.**

No. 106,785.

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 13, 2009.

Rehearing Denied Sept. 2, 2009.

---

Bill R. Scarth, Scarth & Rahmeier, Claremore, OK, for Petitioner/Appellee.

Bill M. Shaw, Claremore, OK, for Respondent/Appellant.

JANE P. WISEMAN, Vice Chief Judge.

¶1 Annette Bryan (Wife) appeals from an order of the trial court denying her request to delay granting her divorce from Victor Dewayne Bryan (Husband). The issue on appeal is whether the trial court abused its discretion or ruled against the clear weight of the evidence in denying Wife's request to delay ruling on the divorce until May 6, 2009, so that she could become eligible for "full medical, commissary, and exchange privileges." After review of the record on appeal and applicable law, we find the trial court did not err and affirm its decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Husband filed a petition for dissolution of marriage on June 12, 2007. The petition states Husband and Wife married on May 5, 1989, and he now requests dissolution of the marriage based on irreconcilable incompatibility. Wife requested additional time to file her answer due to change of counsel. The trial court granted her leave for additional

time to file her answer and counterclaim which she filed on June 12, 2008.

¶ 3 At the trial held October 1, 2008, Husband testified about Wife's long history of alcohol abuse. In addition, Husband testified that while he understood Wife wanted to delay making the divorce final until May 2009, he did not want to do so because he was "ready to move on with life." At the conclusion of the examination of Husband, the trial court set the next day of trial for November 10, 2008.

¶ 4 During the trial on November 10, 2008, Husband re-affirmed he wanted the divorce granted rather than waiting until May 2009. He testified that delaying the proceedings would cost him additional time and money, but acknowledged it would be no further expense to him if Wife received the indefinite medical benefits.

¶ 5 During the trial in November 2008, Wife again requested the trial court to delay granting the divorce until May 6, 2009. She testified that if she remained married to Husband for 20 years (which would occur on May 5, 2009), the medical benefits she received through Husband would continue indefinitely.

¶ 6 At the conclusion of the trial, the court rendered its decision in which it divided the property, awarded Wife a portion of Husband's military retirement pay, awarded custody of the children to Husband with visitation rights to Wife, ordered Wife to pay child support to Husband, and ordered Husband to pay alimony subject to a credit in the amount of the child support. The trial court also ruled that it understood the argument and reasons for Wife's requested delay until May 6, 2009, but declined to delay its decision.

¶ 7 Wife appeals only the trial court's decision denying her request to delay ruling on the divorce until May 6, 2009.

## STANDARD OF REVIEW

¶ 8 Actions for divorce, alimony and division of property are matters of equitable cognizance. *Brazil v. Brazil,* 2007 OK CIV APP 108, ¶ 8, 171 P.3d 325, 327. We will not disturb the order of the trial court "absent an abuse of discretion, or a finding that the decision is clearly contrary to the weight of the evidence." *Watkins v. Watkins,* 2007 OK CIV APP 122, ¶ 4, 177 P.3d 1114, 1116.

## ANALYSIS

### I. *Wife's Issue on Appeal.*

¶ 9 Wife contends that the trial court abused its discretion "when it denied [her] request for the divorce to be final on May 6, 2009 at which time the parties would have been married for twenty years, enabling [Wife] to full medical, commissary and exchange privileges at no cost to and without objection by [Husband]." Wife argued at trial that her request for delaying the divorce would cost Husband no additional money and that Husband did not object to her receiving the medical benefits if she were married for twenty years.

¶ 10 Husband points out that, although he testified that he does not object to Wife receiving the medical benefits if she were married 20 years, he did object to Wife's request to delay the ruling on the divorce. Husband admitted that it would not cost him anything if Wife received the medical benefits, but it was expensive to continue making trips to court. Husband also objected to Wife's request for the delay because he wanted to "move on with life."

¶ 11 In response to Wife's argument on appeal, Husband first contends that Wife fails to cite any case law to support her proposition that the trial court had discretion to "intentionally delay the rendering of decisions." Husband also argues that the trial court had no discretion to delay the ruling because it would deny him "speedy justice and would quite likely be done without due process of law and in a denial to him . . . of equal protection of the laws." He further asserts the trial court had no discretion to delay the ruling because it would violate Rule 27 of the Rules for the District Courts, 12 O.S.2001, ch. 2, app., which requires decisions to be made within sixty days of the date the matter is taken under advisement. Rule 27 further provides, "The Chief Justice may extend the deadline for a decision upon sworn application for an extension of time of the

trial judge setting forth with specificity the reasons therefor." *Id.*

¶ 12 Wife relies on *Ward v. Ward,* 1957 OK 242, 317 P.2d 254, for the general proposition that a divorce action is one of equitable cognizance, and an appellate court will not disturb the trial court's ruling unless it is found to be an abuse of discretion or against the clear weight of the evidence. She also cites *Pickens v. State,* 2001 OK CR 3, ¶ 21, 19 P.3d 866, 876, for the proposition that a ruling on the admissibility of evidence will not be disturbed absent a clear abuse of discretion. Wife further cites *C.L.F. v. State,* 1999 OK CR 12, ¶ 5, 989 P.2d 945, 946, and *Andrew v. State,* 2007 OK CR 23, 164 P.3d 176, for the definition of "abuse of discretion."

■■ ¶ 13 We do not agree with Husband that the trial court does not have discretion to determine when a divorce is to be granted. It is well-established that dissolution of marriage, in all its facets, is a matter of equitable cognizance left to the sound discretion of the trial court. When a trial court has discretion to determine such an issue, its decision will not be reversed absent an abuse of that discretion.

■ ¶ 14 None of the authorities cited by Wife, however, addresses what constitutes an abuse of discretion in determining the date on which a divorce is granted or in refusing to delay the granting of a divorce as urged by Wife. We need not on appeal "consider assignments of error unsupported by convincing argument or authority, unless it is apparent without further research that they are well taken." *Beets v. Metropolitan Life Ins. Co.,* 1999 OK 15, n. 7, 995 P.2d 1071.

¶ 15 Wife's challenge to the trial court's decision denying her request to delay the divorce is not facially apparent, and we find no basis to deviate from this general rule. Wife has failed to persuade us that the trial court abused its discretion in its decision to proceed with granting the divorce and denying Wife's request for an almost six-month delay. The trial court's decision to grant the divorce as of November 10, 2008, is affirmed.

## II. Husband's Motion to Dismiss Wife's Appeal.

¶ 16 Husband also claims that Wife has filed this appeal solely to delay the finality of the divorce and accordingly requests the appeal be dismissed. Husband states that pursuant to 43 O.S.2001 § 127, Wife will achieve her objective of delaying the finality of the divorce regardless of the outcome of the appeal. Section 127 provides in relevant part:

> Every decree of divorce shall recite the day and date when the judgment was rendered. *If an appeal be taken from a judgment granting or denying a divorce, that part of the judgment does not become final and take effect until the appeal is determined.* If an appeal be taken from any part of a judgment in a divorce action except the granting of the divorce, the divorce shall be final and take effect from the date the decree of divorce is rendered ... that part of the judgment appealed shall not become final and take effect until the appeal be determined.

*Id.* (emphasis added). The Oklahoma Supreme Court has interpreted this statute to mean that it "separates that part of the decree that grants the divorce from other parts for the purpose of the effect of an appeal." *Pierce v. Pierce,* 2001 OK 97, ¶ 23, 39 P.3d 791, 800 (citing *Wilks v. Wilks,* 1981 OK 91, 632 P.2d 759). Stated differently, the marital status itself is treated differently from "other claims in matrimonial litigation." *Pierce,* 2001 OK 97 at ¶ 23, 39 P.3d at 800.

¶ 17 In *Pierce,* wife argued on appeal that the trial judge should have been disqualified because husband's counsel and counsel's father contributed money to the judge's campaign while the divorce was pending. *Id.* at ¶ 1, 39 P.3d at 793. The wife's appellate brief challenged "the child custody determination, the court's order suspending husband's support obligation for a period of time, and the trial court's order that each party pay his or her own attorney's fees." *Id.* at ¶ 22, 39 P.3d at 800. Although the Oklahoma Supreme Court found the record sufficient to show the judge should have been disqualified, and reversed the judgment of the trial court on this issue, it left undis-

turbed that part of the divorce decree granting both parties a divorce. *Id.* at ¶¶ 21–23, 39 P.3d at 800. In doing so, the Supreme Court reasoned that because wife did not "specifically challenge the granting of the divorce" itself and both parties petitioned for divorce, there was no reason to disturb the status created by the divorce decree. *Id.* at ¶ 22, 39 P.3d at 800.

¶ 18 Similarly, in the case of *Pellow v. Pellow,* 1985 OK 88, ¶¶ 17–18, 714 P.2d 593, 596–97, the Supreme Court held that because wife failed to present the issue of "reversing the granting of the divorce itself" to the trial court, she could not present this issue to the appellate court for review. The Court held, "[The wife] prayed for and was granted a divorce. At no time before the decree was entered, at the time the decree was entered, or in a post-decree motion did [she] object of record that the court should not grant the divorce." *Id.* at ¶ 16, 714 P.2d at 596. The Supreme Court found that the divorce granted on the date the trial court entered a minute order was valid and final. *Id.* at ¶ 20, 714 P.2d at 597.

¶ 19 In line with this precedent, we conclude that the divorce was valid and final on the date the divorce was pronounced. "In Oklahoma, judgment is rendered when pronounced. The entry of the written memorial upon the court's journal is not essential to the validity of the judgment. . . ." *Id.* at ¶ 10, 714 P.2d at 595. Although Husband filed the petition for dissolution of marriage, Wife also sought dissolution of the marriage in her counterclaim. Nothing in the record suggests that Wife objected to the trial court's granting the divorce. Wanting the divorce deferred, she only objected to when the divorce should be granted. Because Wife does not seek reversal of the granting of the divorce itself, but rather disputes only *when* the divorce should be granted, we find the parties' divorce was valid and final on November 10, 2008, the date the trial court announced its ruling and entered its minute order.

¶ 20 Because the divorce became valid and final when the trial court rendered its deci-

sion on November 10, 2008, we decline to consider Husband's motion to dismiss Wife's appeal further, and the motion is denied.

¶ 21 We note finally that Wife argues for the first time in her reply brief that it was also error for the trial court to deny her motion for trial continuance requested on September 22, 2008. According to Wife's reply brief, her former counsel filed an application to withdraw from the case on September 22, 2008, and her new counsel entered an appearance and requested a continuance that same day. In a minute order dated September 22, 2008, the trial court denied the motion for continuance. Wife raised this issue for the first time in her reply brief, and for that reason we cannot consider it on appeal. *In re Gross Production and Petroleum Excise Tax Protest of Arkla., Inc.,* 1996 OK CIV APP 5, n. 10, 919 P.2d 1151 ("Generally, contentions of error cannot be raised for the first time in a reply brief.").

## CONCLUSION

¶ 22 Wife failed to show the trial court abused its discretion in denying her request to delay granting the parties a divorce. Because the divorce was valid and final on November 10, 2008, we need not address Husband's motion to dismiss Wife's appeal further, and the motion is denied. Finally, we decline to address Wife's argument that the trial court erred in denying her motion for continuance of the trial because she raised this issue for the first time in her reply brief. For these reasons, the order of the trial court is affirmed.

¶ 23 **AFFIRMED.**

BARNES, P.J., and GOODMAN, J., concur.