**STATE of Oklahoma, ex rel.,
DEPARTMENT OF HUMAN
SERVICES, Appellee,**

v.

**Jerry Bob HARTLESS, Appellant.**

**No. 61851.**

Court of Appeals of Oklahoma,
Oklahoma City Divisions.

Feb. 24, 1987.

Joe Farnan, Purcell, for appellant.

J. Tully McCoy, Dist. Atty. and Linda K. Argo, Asst. Dist. Atty., Norman, for appellee.

## ACCELERATED DOCKET DECISION

GARRETT, Presiding Judge:

This Accelerated Docket case was orally presented and submitted to the undersigned judges.

Appellant father was divorced from Linda Hartless, not a party to this appeal, on April 22, 1977. Custody of their three children was awarded to the mother. Appellant was ordered to pay child support in varying amounts in accordance with automatic increases contained in the decree.

On March 28, 1978, the Appellee, Department of Human Services ("DHS"), or Department of Institutions, Social and Rehabilitative Services, as it was then known, obtained an order directing the Appellant to pay the child support payments directly to it, since the former spouse of Appellant was receiving assistance from the Aid to Families with Dependent Children program ("AFDC"), which AFDC payments were for the benefit of Appellant's children.

On August 1, 1978, pursuant to contempt proceedings filed against the Appellant by DHS, the trial court ordered the Appellant to pay DHS child support in the amount of $75.00 per month and back child support of $270.00, payable in installments of $10.00. These payments were to be made beginning August 15, 1978.

On November 17, 1978, upon joint motion of the Appellant and the mother of the children, filed that same day, the trial court entered an order modifying the divorce decree. DHS (or DISRS) did not have notice and did not appear. Custody of the children was given to the Appellant. However, the record reveals actual physical custody of the children never changed from the mother to the Appellant. The order was silent as to child support, nor did it affirmatively state the Appellant's duty to pay child support was terminated or otherwise affected by the change in custody. Despite the change in custody order, the Appellant's ex-wife continued to receive AFDC benefits from DHS for the minor children.

On February 14, 1983, a trial was held on DHS petition for reimbursement of payments made to the Appellant's former spouse for the benefit of Appellant's minor children under the AFDC program from August, 1978, through January, 1983. Several months of this period were excluded due to the fact the AFDC case had been closed. DHS sought reimbursement of $9,300.00. The parties stipulated to the admission and correctness of the DHS record of payments.

Appellant testified that, in spite of the order of November 17, 1978, he had had actual physical custody of his children only about 30% of the time until the trial date. He further testified that he had paid child support to his ex-wife during the time in question either by cash or money order. He produced only one receipt, which was admitted into evidence.

The trial court ruled that the Appellant owed DHS all monies prayed for, less one payment of $125.00, for which the Appellant had a receipt, and reduced the amount further by thirty per cent (30%), the period of time he testified the children resided with him. Judgment for DHS against Appellant for $6,422.50. This appeal followed.

Appellant contends the DHS records should not have been the basis of the court's order. He claims either the order of August 1, 1978, should have been used or, in the alternative, the order of November 17, 1978. He contends that the August 1 order would have resulted in a lower dollar liability than the DHS records and the November 17 order would have resulted in zero (0) liability since it awarded him custody. He bases his argument on 56 O.S. 1981, § 238 which states, in part "… where there has been a court order, the debt shall be limited to the amount provided for by said order."

DHS contends there was no order providing an amount of child support since the November 17 order superceded the original divorce decree provision, and the August 1 order with regard to child support. Therefore, Appellee contends that the amount DHS could rightfully seek was the full amount of AFDC actually paid to the Appellant's ex-wife and children, pursuant to 56 O.S. 1981 § 238 and 10 O.S. 1981 §§ 4 and 13.

■ Whether the November 17 order negated the original divorce decree's child support provision is material here. Modification of the child support was not prayed for, considered or ordered by the court. Only custody "in law" was sought. Custody "in fact" remained with the ex-wife. This was, in effect, a sham on the court and obviously an attempt to defeat Appellant's child support obligation and to prevent DHS from collecting from Appellant. We decline to hold that Appellant should benefit from this questionable procedure.

■ Equally flawed is DHS' argument that the November 17 order superceded the original divorce decree and August 1 order. Both parties find it convenient to view the November 17 order as having modified the child support obligation of the Appellant. The November 17 order, as stated, is silent as to child support as is the joint motion it is based on.

The confusion as to the existence or non-existence of a court ordered obligation for Appellant to pay an exact sum of money each month as child support is the fault of Appellant and his former spouse. If it had been intended to change or alter the statutory (and court-ordered) duty and right of DHS to collect and be paid child support from Appellant in this case, it would have been a simple matter to give it notice and the opportunity to be heard in court. Instead, Appellant and his former spouse chose to file a joint petition for modification and to secure a court order that same day, without notice to DHS.

We hold that the August 1, 1978 order continues in force and effect.

56 O.S. 1981 § 238 is as follows:

"Any payment of public assistance money by the Department of Institutions, Social and Rehabilitative Services, hereinafter referred to as "Department," to or for the benefit of any dependent child or children creates a debt due and owing to the State of Oklahoma by the natural or adoptive parent or parents who are responsible for support of such child or children in an amount equal to the amount of public assistance money so paid.

Provided, that any debt under this section shall not be incurred by nor at any time be collected from a parent or other person who is the recipient of public assistance monies for the benefit of minor dependent children for the period such person or persons are in such status.

Provided further, that where there has been a court order, the debt shall be limited to the amount provided for by said order. The Department shall have the right to petition the appropriate court for modification of a court order on the same grounds as a party to said cause. The Department shall be subrogated to the right of said child or children to prosecute or maintain any support action or execute any administrative remedy existing under the laws of the State of Oklahoma to obtain reimbursement of money thus expended."

■ Appellant's former spouse received the DHS payment for the benefit of the children. Appellant is the other parent. Therefore, Appellant's debt to the State of Oklahoma was created. He could not discharge that debt or any part thereof by paying his former spouse.

■ We agree that the judgment of the trial court is not supported by the evidence, and that the debt of Appellant to the State of Oklahoma may not exceed the amount provided in the court order. The amount so provided was $270.00 plus $75.00 per month for each month the AFDC payments were made. Under the statute (§ 238, supra) Appellant was not entitled to credit for payments made to his former spouse or for the time he had physical custody of the children.

The judgment of the trial court is REVERSED and this case is REMANDED for further proceedings not inconsistent with this opinion.

REYNOLDS and ROBINSON, JJ., concur.