**Katheryn L. CORNWELL, now Fewell, Appellant,**

v.

**Patrick G. CORNWELL, Appellee.**

**No. 78587.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 24, 1992.

Kimber J. Palmer, Oklahoma City, for appellant.

Michael D. Segler, Yukon, for appellee.

OPINION

HUNTER, Judge:

The parties were divorced in March, 1977. The divorce decree ordered Appellee to pay $100.00 per month to Appellant for the support of their minor child. In December, 1985, the court entered an order establishing assignment of income from father's employer, finding a delinquency and an arrearage in the amount of $9,975.00. That order was not appealed, modified or attacked in any manner. The income assignment was terminated on March 31,

1989, when custody was voluntarily changed to Appellee. In April, 1991, Appellant filed a motion to regain custody, an application for contempt citation based on Appellee's alleged failure to pay on the established arrearage and an application for income assignment for payment on the arrearage and for current support. The court ordered custody of the child returned to Appellant on June 3, 1991. The only issue for the court in October, 1991, the order here appealed, concerned Appellant's application for an income assignment.

### Standard of Review

■ On review of child support matters, the appellate court will review the whole record, weigh the evidence and affirm the order if it is just and equitable. *Thrash v. Thrash*, 809 P.2d 665 (Okl.1991).

### Findings on Review

The trial court allowed an impermissible collateral attack on the 1985 order which had found arrearages accrued, from the time of the divorce through December, 1985, in the amount of $9,975.00.

■ The trial court's order is flawed in two ways. First, absent a showing that the 1985 order is void on its face, it cannot here be collaterally attacked. The 1985 order became final for all purposes after its time for appeal had passed without review being sought within its statutory time period. The district court lacked jurisdiction to modify the 1985 order unless there was a jurisdictional defect apparent from the judgment roll. *Ferguson v. Ferguson Motor Co.*, 766 P.2d 335 (Okl.1988).

■ Secondly, for the purpose of the defense of dormant judgment, the pertinent time period runs from the date of judgment. If, for five years from December, 1985, Appellant had made no effort to execute on the judgment, then Appellee would have had a good defense of dormant judgment. In the instant case, the record reflects that Appellant applied for an income assignment which was ordered and effective from January, 1986 through March, 1989. She applied again in April, 1991,

which application was the subject of the October, 1991 order appealed here. In 1987, 12 O.S. § 1291, now 43 O.S. § 137 was enacted and at (C) states: Unless execution is issued and filed within five (5) years *from date of judgment or last execution on said judgment* as required by law, a judgment for past due child support shall become dormant for all purposes except for enforcement of the judgment by . . . (our emphasis).

12 O.S.Supp.1987 § 1291, now 43 O.S. 1991 § 137, was enacted to provide that "any payment or installment of child support ordered pursuant to any order, judgment or decree of the district court or administrative order of the Department of Human Services is on and after the date it becomes past due a judgment by operation of law". The first income assignment, a payment or installment of child support, ordered by the district court, terminated on March 31, 1989. Appellant applied for another income assignment in April, 1991, well within her five year limitation.

We therefore reverse the court's order and remand the matter for recalculation of the arrearages consistent with this opinion. Current support due will be paid from the amount collected from the income assignment before the payment on the arrearages. 12 O.S.1991 § 1171.3.

REVERSED AND REMANDED WITH DIRECTIONS.

HANSEN, V.C.J., and BAILEY, P.J., concur.