Debra Marie LEWANDOWSKI,
Appellant,

v.

Lawrence Rodger LEWANDOWSKI,
Appellee.

No. 79605.

Court of Appeals of Oklahoma,
Division No. 3.

Sept. 21, 1993.

Danny A. Amrine, Dept. of Human Services, Tulsa, for appellant.

Lawrence R. Lewandowski, pro se.

## OPINION

BAILEY, Judge:

Debra M. Lewandowski (Mother), by and through the Department of Human Services (DHS), seeks review of an order of the Trial Court denying a motion to reconsider in DHS's action against Lawrence Rodger Lewandowski (Father) to recover child support arrearage. In this appeal, DHS contends the Trial Court erred in holding recovery of child support arrearage accruing more than five years prior to the filing of the action barred by the statute of limitations.

Mother obtained a divorce from Father on November 3, 1980 in Michigan. The decree ordered Father to pay $53.77 per week per child, effective instanter. On November 19, 1980, the decree was modified to reflect child support in the amount of $20.50 per week per child. From November of 1980 through July 1985, Mother received public assistance for support of the parties' children.

In 1989, Mother properly registered the Michigan judgment in Oklahoma. On January 25, 1990, DHS filed a notice of redirection of support payments, requesting any and all child support payments be made to DHS. Contemporaneously with filing the notice of redirection of child support payments, Mother, by and through DHS, filed an application for contempt citation alleging Father's child support arrearage in the amount of $40,185.97 from the date of the divorce in 1980 through December 31, 1989.

After hearing, the Trial Court granted the redirection of payments for "so long as the children receive child support services" from DHS. The Trial Court further found, *inter alia,* the five-year statute of limitations [1] barred judgment for any child support arrearage accruing prior to December 1985, computed the post-December 1985 arrearage accordingly (with deduction for a tax intercept payment made), and granted judgment against Father in the amount of $1,937.39.[2]

On behalf of Mother, DHS filed a motion to reconsider, alleging Mother had received public assistance from November 1980 through July 1985 which became a debt due and owing the state and, as such, not barred by the statute of limitations. The motion to reconsider prayed for judgment in the amount of $10,049.10, specifically reflecting the unpaid child support accruing from November 1980 through July 1985. The Trial Court, while acknowledging it had "changed its position on the interpretation of the law applicable to child support," nevertheless denied the motion.

■ DHS now appeals on Mother's behalf. The sole issue on appeal is whether the Trial Court correctly applied the statute of limitations to bar a judgment for the child support arrearage accruing prior to December 1985.

The Court of Appeals has previously ruled on this precise issue.[3] In that case, the mother received public assistance periodically from 1973 to 1980. In 1988, DHS filed a petition seeking reimbursement from the father for monies paid on behalf of the parties' minor child pursuant to 56 O.S.1991 § 237(C)(1),[4] requiring recipients of public assistance to assign support rights to the state, and 56 O.S.1991 § 238,[5] defining such assistance as a debt due and owing the state by the parents of such child.[6] The lower court granted father's motion to dismiss the petition as time-barred. We reversed, holding the statute of limitations is not a bar against the state when acting in its sovereign capacity to enforce a public right.[7]

■ In the present case, DHS, on behalf of Mother and as a participant in the federally funded program to aid families with dependent children, brought suit to recover from Father payments made to Mother for the benefit of the parties' minor child. We again hold that 56 O.S. § 238, requiring the state to obtain reimbursement for payment of public assistance for the benefit of a minor child, protects the public at large and as such is enforcement of a public right against which the statute of limitations constitutes no bar. We therefore hold the Trial Court erred in ruling otherwise.

The judgment of the Trial Court is REVERSED, and the cause REMANDED for further proceedings not inconsistent herewith.

GARRETT, J., concurs.

HUNTER, P.J., dissents with separate opinion.

*Ray Love,* Case No. 73,230 (Okl.App. Div. IV, July 9, 1991) (unpub. op. by Bacon, V.C.J., Reif, J. and Stubblefield, J., concurring). *Contra, Birdtail v. Birdtail,* 838 P.2d 522 (Okl.App.1992).

1. 12 O.S.1991 § 95 (Fifth).

2. The Trial Court further found Mother not entitled to child support for one of the children who had not been in Mother's physical custody since December 1985, and vacated the child support order regarding the second child who began residing with Father in February 1990. Although this ruling comes perilously close to an impermissible retroactive modification of the original child support order, this issue has not been preserved for our review. See, also, *McNeal v. Robinson,* 628 P.2d 358 (Okl.1981) (allowing payor parent credit against child support arrearage under certain circumstances when the payor parent has physical custody of the child).

3. *State of Oklahoma ex rel. Department of Human Services o/b/o Edith Marie Jones v. Billy*

4. Then 56 O.S.Supp.1990 § 237.

5. Then 56 O.S.Supp.1990 § 238.

6. *See, also, State ex rel. Department of Human Services v. Hartless,* 734 P.2d 330 (Okl.App.1987) (Where mother received DHS payments for benefit of children, debt was created which was owed by other parent to the state).

7. *State ex rel. Cartwright v. Tidmore,* 674 P.2d 14 (Okl.1983).

HUNTER, Presiding Judge, dissenting.

I respectfully dissent from the majority opinion for two reasons. First, because this court held in *Birdtail v. Birdtail*, 838 P.2d 522 (Okl.App.1992) (Cert. denied) that the five year statute of limitations applied in a case exactly like this one. Second, because, even if that opinion was wrong, this court also held in *Cornwell v. Cornwell*, 848 P.2d 41 (Okl.App.1992) that the proper law to apply, is 43 O.S.1991 § 137. That statute requires the court to set the relevant time period according to its determination of when the judgment occurred and whether it has become dormant because of failure of attempted execution on the judgment.[1]

Effective November 1, 1987, any payment or installment of child support ordered pursuant to any order, judgment or decree of the District Court or administratively through DHS is a judgment by operation of law on or after the date it becomes due. 43 O.S.1991 § 137(A). Unless the person, including the State, executes on the judgment within five years of the date of the judgment or last execution, a judgment for past due child support becomes dormant for all purposes except for enforcement through income or wage assignment, periodic payments from the judgment debtor by order of the district court or of DHS or tax intercepts. 43 O.S.1991 § 137(C). *Cornwell v. Cornwell*, 848 P.2d 41 (Okl. App.1992).

Although the court erred in applying 12 O.S.1991 § 95 (Fifth)[2] to this matter I cannot agree with the majority that the statute of limitations does not run against the State in a case such as this. In my opinion the State cannot get by assignment any more rights than the assignor had.

Appellant asserts that she should be able to collect child support arrearage back to the date it was first incurred, in this case, 1980, because the sovereign State is not limited in collecting on a public debt. Federal law forms the foundation of Oklahoma law concerning child support enforcement. The Social Security Act, 42 U.S.C. § 656(a)(1) (1981), states that support rights assigned to the State constitute an obligation owed to the State by the individual responsible for providing the support. Further, the obligation is collectible under all applicable State and local processes. Oklahoma codifies this theory at 56 O.S. 1991 § 238.

Oklahoma law also provides that the parent in arrears has a right to a hearing on the amount of the arrearage or to show cause why the parent is not liable for the support debt. After the show cause hearing, the support debt is made an order and subject to collection. The order may be docketed with the District Court and enforced in the same manner as an order of the District Court. 56 O.S.1991 § 238.-1(A)(6). Oklahoma's law states that a past due payment of installment operates, as a matter of law, as an enforceable judgment. 43 O.S.1991 § 137. Federal law required Oklahoma to provide a plan which, among other things, contained procedures requiring that payments or installments of support under any child support order be an enforceable judgment by operation of law on or after the date due. 45 CFR Ch. III § 302.70.

The federal rules also require the State IV–D agency, which in Oklahoma is the Department of Human Services (DHS), to monitor its support obligation cases and

---

1. 43 O.S.Supp.1987 § 137, in pertinent part states: (A) Any payment or installment of child support ordered pursuant to any order, judgment or decree of the district court or administrative order of the Department of Human Services is on and after the date it becomes past due a judgment by operation of law ... (C) Unless execution is issued and filed within five (5) years from date of judgment or last execution on said judgment as required by law, a judgment for past due child support shall become dormant for all purposes except ...

2. 12 O.S. § 95—Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: (fifth)—an action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, or upon the bond or undertaking given in attachment, injunction, arrest or in any case whatever required by the statute, can only be brought within five (5) years after the cause of action shall have accrued.

 

take appropriate enforcement action when a parent fails to comply with the support obligation. If the chosen enforcement procedure requires service on the absent parent, then service of process, or documented showing of diligent, unsuccessful efforts to serve process, and action must be completed within 60 days of the identifying of the support obligation delinquency. 45 CFR Ch. III § 303.6.

Whether the judgment is dormant is a proper defense to assert in child support collection actions. When the state, as well as a private party, does not execute, or attempt execution, on a child support obligation judgment, the obligor may assert the dormancy of judgment defense against the state.

For the reasons above stated I would affirm the judgment of the trial court, or in the alternative, I would remand for the taking of evidence on whether any of the monthly payment judgments have become dormant by operation of law.